## Will Sanders *v.* State.

Prosecuting Attorney. *Improper remarks.* *Failure of accused to testify.* *Code 1892, § 1741.*

> Where, in his argument before the jury, the prosecuting attorney violates § 1741, code 1892, and comments on the failure of the accused to testify, a verdict of conviction will be set aside, although the court promptly rebuked counsel, and instructed the jury to disregard the fact alluded to, and counsel thereupon asked that the remark be considered as withdrawn.

From the circuit court of LaFayette county.

Hon. Eugene Johnson, Judge.

On the trial of the appellant, on an indictment for burglary, the assistant counsel for the prosecution, in his argument to the jury, used this language: "There was enough in this evidence to make it incumbent on the defendant to deny it, and he has not done so." Upon defendant's objection, the trial court properly stopped counsel and told him that he could not allude to or comment upon the fact that the defendant had not testified in his own behalf, and told the jury that they must disregard

what counsel had said.    And counsel thereupon said to the jury: "Well, then, consider that not said."

Defendant was convicted.    Motion for new trial overruled; hence this appeal.

*Kimmons & Kimmons* and *Stone & Lowry*, for appellant.

The action of the assistant prosecuting attorney in commenting on the failure of the accused to testify vitiates the verdict. *Yarborough* v. *State*, 70 Miss., 593.

*Frank Johnston*, attorney-general, for the state.

In the case of *Yarborough* v. *State*, 70 Miss., 593, the following expression was employed: "This failure of counsel for the state to heed the presiding judge's admonition   .   .   . must reverse the case," etc.    From the language so used it impliedly follows that where the admonition of the judge is heeded, and counsel himself withdraws the objectionable remark, and the jury are told to disregard it, there is no reversible error.

COOPER, C. J., delivered the opinion of the court.

The judgment in this case must be reversed, and a new trial awarded, because counsel for the state, in his argument before the jury, commented upon the failure of appellant to testify. The statute expressly declares that "the failure of the accused, in any case, to testify shall not operate to his prejudice or be commented on by counsel."    It is true, the court promptly rebuked counsel, and directed the jury to disregard the fact alluded to, and that counsel then asked that his remarks be considered as withdrawn.    But, as we have heretofore decided, this did not cure the error.    *Reddick* v. *State*, 16 So. Rep., 490. As was there said: "The statute forbids absolutely any comment on the failure of the accused to testify, and it is the right of every person charged with crime to insist that he enjoy this statutory immunity from criticism by hostile counsel,

and the disregard of this plain statute, and of the decisions of this court upon it, by the state's own counsel, must reverse the judgment appealed from in this case."

*Reversed.*