ALLIE SMITH *v.* STATE OF MISSISSIPPI.

[40 South. Rep., 229.]

CRIMINAL LAW. *Failure of defendant to testify. Comment of prosecuting attorney. Code* 1892, § 1741.

In a murder case, the defendant not having testified, and it appearing that the only persons present at the homicide were defendant and two others, both of whom testified for the state, the statement by the district attorney, in argument to the jury, that no one had denied defendant killed deceased, is a comment on defendant's failure to testify, contrary to Code 1892, § 1741, prohibiting such comment.

FROM the circuit court of, first district, Chickasaw county.

HON. EUGENE O. SYKES, Judge.

Smith, the appellant, was indicted and tried for murder. He was convicted of manslaughter, and appealed to the supreme court. The facts upon which the case turned are apparent from the opinion of the court.

*R. H. Knox,* for appellant.

The court below erred in permitting counsel for the state to say, in argument to the jury, that "no one had denied that he [Smith] killed Buchanan," and that "no one had denied that the witness, Hobson, was sober." *Yarbrough* v. *State,* 70 Miss., 593 (s.c., 12 South. Rep., 551); *Reddick* v. *State,* 72 Miss., 1008 (s.c., 16 South. Rep., 490).

Argued orally by *R. H. Knox,* for appellant, and by *William Williams,* attorney-general, for appellee.

TRULY, J., delivered the opinion of the court.

This case is plainly covered by the rule announced in *Hoff* v. *State,* 83 Miss., 488 (35 South. Rep., 950). The record shows that there were only four persons present on the occasion of the homicide—the defendant, the deceased, and two state witnesses.

It appears that both the eyewitnesses were introduced by the state upon the trial, and examined at length. Consequently, the statement of the district attorney that "no one had denied that he [the defendant] killed Buchanan," and the further statement that "no one had denied that the witness, Hobson, was sober," can only be reasonably construed as comments upon the failure of the defendant to testify in his own behalf. As the record showed that all of the eyewitnesses, except the defendant, had testified, this comment upon a failure to deny the facts of the homicide, as testified to by the witnesses, necessarily directed the attention of the jury to the fact that the defendant had not availed himself of the personal privilege of testifying in his own behalf; the impression irresistibly conveyed by such statement being that a failure to deny should be construed as a silent admission—the very thing which the law is intended to guard against. As long as the law stands as now written, it prohibits any comment upon the failure of a defendant to testify; and this is true without regard to the character of the comment or the motive or intent with which it is made. We must construe the law as written.

*Reversed and remanded.*