*Reversed and remanded.*

---

'ARTHUR PRINCE v. STATE OF MISSISSIPPI.

[46 South. 537.]

1. CRIMINAL LAW AND PROCEDURE. *Instructions. Must be predicated of evidence. Homicide.*

An instruction for the state in a murder case, authorizing a conviction upon a finding that defendant, while attempting to commit burglary, shot and killed decedent, should not be given in the absence of all evidence of such an attempt.

2. SAME. *Evidence. Defendant's failure to testify. Comment. Code* 1906, § 1918.

The defendant in a criminal case not having become a witness, and there being no evidence of a confession except as testified to by the only person claimed to have heard it, a statement by the prosecuting attorney in argument to the jury to the effect that defendant's confession stood wholly uncontradicted is violative of Code 1906, § 1918, forbidding comment by counsel on the failure of an accused to testify in his own behalf.

3. SAME. *Attorney's disclaimer of intent, etc.*

Such statement constitutes reversible error, although the prosecuting attorney, on objection made, disclaimed intent to refer to defendant's failure to testify.

FROM the circuit court of Union county.
HON. WILLIAM A. ROANE, Judge.

Prince, appellant, was indicted, tried and convicted of the murder of William McAllister, sentenced to the penitentiary for life and appealed to the supreme court. The facts of the case so far as pertinent to the decision made are sufficiently shown by the opinion of the court.

*Stephens & Kennedy,* for appellant.

The second instruction for the state tells the jury to find defendant guilty of murder if they believe from the evidence beyond every reasonable doubt that defendant killed McAllister while defendant was in an attempt to commit burglary. There was absolutely no proof before the jury even tending to prove that defendant made any attempt at the time of the homicide to commit burglary. Our statute does not make it burglary to break out of a store-house, while it defines burglary as the breaking in or out of a dwelling house under certain conditions.

This charge was wholly unwarranted by the evidence in the case and most certainly should not have been given, as the fact of the defendant being in the house of the deceased would be readily seized upon by the jury as the act or attempt at burglary and taken by them as authority to find defendant guilty of murder.

The comment of Jones, counsel for state, in his argument to the jury as to the confession not being denied was inexcusable, and in the teeth of the statute, which guarantees an accused immunity from criticism, friendly or unfriendly, of his failure to testify in his own behalf.

*George Butler,* assistant attorney general, for appellee.

During the argument assistant counsel for the prosecution said: "Gentlemen of the jury, he confessed the killing of McAllister to Will Jones, and that confession stands uncontradicted before you today." This remark was objected to by counsel for defense and the court stated, "The objection is sustained by the court, if counsel had reference to defendant's failure to go on

the stand." Counsel here stated that he had not intended to refer to that, whereupon the court instructed the jury that if that was the intention of counsel, they would not consider it. It is seriously contended here that this was reversible error. We are not unmindful of the numerous decisions of the court construing Code 1906, § 1918, but we submit that in this case all possible harm was removed by counsel for the state then and there disclaiming any intention to comment upon the failure of the accused to testify, and the court instructing the jury to disregard the remarks of the prosecuting attorney. The courts are about equally divided as to whether or not the error of commenting upon the failure of the defendant to testify will be cured by an instruction to the jury to disregard the remarks. 14 Century Dig. 2412; 12 Cyc. 586, notes 48 and 49. But, however this may be, I still maintain that there is no reversible error here because of appellant's standing idly by without even as much as requesting the court to instruct the jury to disregard the remarks or move the court to enter a mistrial or to take any steps whatsoever to correct the error. Appellant elected to take his chance before that jury, notwithstanding the fact that he was duly advised of the irregularity, as he now contends, and he ought not thus to be allowed to experiment with the jury and take an advantage of an irregularity when he neglected to avail himself of it at the proper time. No constitutional right has been invaded.

It is impossible to see how the instructions on the peculiar facts in this record could have been prejudicial to appellant.

WHITFIELD, C. J., delivered the opinion of the court.

The first instruction given for the state is, on the whole of this case, manifestly erroneous. There is no evidence whatever in this record of any attempt to commit burglary on the part of the appellant. That instruction is in these words: "The court instructs the jury that if they believe from the evidence, beyond every reasonable doubt arising out of the evidence, that the de-

fendant shot and killed the deceased, William McAllister, while he, the defendant, was in an attempt to commit burglary, then the jury will find the defendant guilty of murder." We would not, however, reverse for this error alone, since the jury could not have been misled by this instruction, so entirely foreign to the merits of the controversy.

The record discloses that assistant prosecuting counsel for the state, in commenting on the alleged confession made by the defendant to Will Jones, said, "Gentlemen of the jury, he confessed the killing of McAllister to Will Jones, and that confession stands uncontradicted before you today," which remark was objected to immediately by counsel for defendant. The court said: "The objection is sustained by the court, if counsel had reference to defendant's failure to go on the stand." Counsel here stated that he had not intended to refer to that. The court then instructed the jury that, if that was the intention of counsel, they would not consider it. Learned counsel assisting in the prosecution disclaimed any intention to refer to the failure of the defendant to testify; but, accepting this disclaimer, it must still remain true that the effect of the observation was to directly call to the attention of the jury this failure on the part of the defendant to testify, since no one could have contradicted the fact that the confession was made except the defendant, inasmuch as the record shows that no one was present when the defendant confessed to Will Jones.

This court has several times, in the most positive and emphatic way, held that any sort of reference, of any character whatever, to the failure of a defendant to testify, constitutes reversible error. See *Yarbrough v. State,* 70 Miss. 593, 12 South. 551, and especially *Reddick v. State,* 72 Miss. 1008, 16 South. 490, and *Sanders v. State,* 73 Miss. 444, 18 South. 541. The court held in the *Reddick Case* that it did not affect the result that the prosecuting attorney on his motion for a new trial testified that he did not intend to comment on the failure of accused to testify, but only meant that the testimony as to the admission was

undisputed; that, having used such language as could be reasonably construed as a comment, his intention was immaterial.

Speaking for myself alone, I desire to say that I have never regarded these decisions as sound. Followed in the literalness and strictness of their holding, this court would be compelled to reverse judgment for the state, in a murder case in which the evidence showed overwhelmingly, beyond any reasonable doubt, a case of cold-blooded assassination, without any defense whatever on the merits, merely because the defendant failed to testify and the counsel for the state commented on such failure. It is true the statute (Code 1892, § 1741,) provided, when these decisions were rendered, as Code 1906, § 1918 does now, that "the failure of the accused in any case to testify shall not operate to his prejudice or be commented on by counsel." But I do not think this statute ought ever to have been construed as making every comment on such failure reversible error. The statute itself does not declare what the penalty for such comments shall be. The court might correct that evil by proper fine or other procedure. To hold, as we have held, that any comment whatever in any kind of case, no matter how atrocious, shall operate for a reversal, is to my mind illogical and not necessary under the statute. When a defendant does fail to testify, the twelve men in the jury box know that fact; and they just as certainly draw an inference unfavorable to the defendant from his failure to testify as that two and two equal four. When, therefore, counsel for the state call attention to the simple fact that a defendant has failed to testify, they have done nothing more than call the attention of the jury to a fact already perfectly within their knowledge, and which fact, without any sort of doubt, operates against the party so failing to testify, and will always do so whilst human nature remains human nature. The statute itself might just as well have been entitled "An act to repeal the ordinary operation of human nature."

We do not, however, feel authorized to overrule these deci-

·sions, since they have so long been followed and acquiesced in, and establish, at last, merely a rule in favor of defendants on trial; and I desire to add that in all I have said in criticism of ·this statute and these decisions I speak for myself alone, and not for my brethren. In my judgment the statute should be amended by the legislature, so as to provide that comment on the failure of the accused to testify should not be made, but, if made, should never work a reversal, unless this court shall be thoroughly satisfied, on the review of the completed case, that it contributed materially to the result. In other words, ·such an error should be treated like all other errors in the course ·of a trial. If it contributed materially to the result, it should work a reversal. If not, it should not be regarded as a reversible error.

·     ·     _                    *Reversed and remanded.*