WILLIAM HARRIS v. STATE OF MISSISSIPPI.

[50 South. 626.]

1. CRIMINAL LAW AND PROCEDURE. *Assault and battery with intent to murder. Improper argument. Defendant's failure to testify.*

 In a prosecution for shooting with intent to kill and murder, a statement in argument to the jury by the district attorney that the defendant had killed a white man in the house where he did the shooting which he did not deny, was a direct comment upon the accused's failure to testify, and reversible error

2. SAME. *Same. Race prejudice.*

 An inflammatory appeal to race prejudice by the state's attorney in his closing argument to the jury, prosecuting a negro for an assault and battery with intent to kill a white man, requires the reversal of a conviction, where the defendant's objections to the argument were overruled by the trial court and exceptions duly reserved.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Harris, appellant, a negro, was indicted in the circuit court of Amite county for an assault and battery with intent to kill and murder a white man; on his application the venue was changed to Pike county, where defendant was tried, convicted, and appealed to the supreme court. The opinion of the court states the facts upon which the decision turned.

*Clem V. Ratcliff*, for appellant.

*George Butler*, assistant attorney-general, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

 The appellant, a negro, was indicted for shooting with intent to kill and murder a white man. The evidence in the case for the state abounds in contradictions, as between different

witnesses, and as to part of the testimony of one witness with other parts of the same witness' testimony. In short, the utmost confusion and uncertainty prevails throughout the testimony of the witnesses for the state, making the case an exceedingly close one on the facts—so close that any serious error must, of necessity, cause reversal.

This being the attitude of the case, the district attorney, in his closing argument for the state, as shown by five separate special bills of exception taken to his remarks in that closing argument, used the following language: "Gentlemen, I am putting it up now to twelve white men as to whether or not you will convict a negro for shooting a white man, and the jury last week convicted a white man for killing a negro; and I hope you will have the same sort of nerve, and convict this negro for shooting the white man." "Those white people over there do not often go wrong [meaning in Amite county.] He knew they would have found him guilty as charged. This time he is being tried by twelve men, and the next time he will be tried by one hundred." "The people taking the law in their hands is necessary. The white people of this country will take the law in their own hands, and enforce the law to suit themselves, if you don't do it yourself." "This is our country. We bought it with our own blood, and we have a right to own and rule it, and we are going to rule it." "The time to turn a nigger loose for shooting a white man will never come in Amite county." "They had better brought his case over here. He never would have gotten a verdict of not guilty in Amite county." "The defendant is a high muckey de muck. He is above being tried in Amite county. He knew better." And, finally, the district attorney said: "That defendant murdered a man in that house, where the shooting occurred, he don't deny. This defendant was surely having a time out there murdering a white man."

The language to the effect that he murdered a white man in the house out there he did not deny is direct comment upon the

failure of the defendant to testify. It is impossible for us to see any other construction to be given this language, and under repeated decisions of this court this is fatal error. But, aside from this, it certainly needs no argument to show that these remarks of the district attorney, the representative of the state, in his closing argument to the jury, were a direct appeal to race prejudice, and are of such a highly inflammatory character, and so manifestly transcend any legitimate bounds of argument, as to necessitate reversal of themselves, if there had been no other error. Every defendant at the bar of his country, white or black, must be accorded a fair trial according to the law of the land, and that law knows no color. It must be further noted that the judge, though appealed to five separate times, did not rebuke the district attorney, nor correct his argument, nor in any manner instruct the jury to disregard that argument.

We expressly decline, at this time, to pass upon any other error assigned, leaving all other errors open for future consideration, if it should become necessary.

For the two errors indicated, and those alone, the judgment of the court below is reversed, and the cause remanded for a new trial.                                    *Reversed.*