JOHNSON *v.* STATE.

[68 South. 917.]

CRIMINAL LAW. *Trial. Argument.*

In a criminal trial where the defendant offered no evidence, a remark by the district attorney in his argument to the jury that "the testimony for the state was uncontradicted," was not a comment on or reference to the failure of the defendant to testify in his own behalf.

APPEAL from the circuit court of Claiborne county.
HON. E. L. BRIEN, Judge.

S. L. Johnson was convicted of murder and appeals.
The facts are fully stated in the opinion of the court.

*C. A. French* and *R. B. Anderson,* for appellant.

*Vardaman & Vardaman,* for the state.

COOK, J., delivered the opinion of the court.

Appellant was convicted of the crime of murder, and the trial court, responding to the verdict of the jury, imposed the death sentence.

On this appeal counsel for appellant insist that the court below erred in several particulars during the trial of appellant. We have given consideration to each and all of the alleged errors, and all, in our opinion, are without merit. We will, however, say a few words about one of the assignments of error.

One of the attorneys representing the state, in his argument to the jury, remarked that "the testimony for the state was uncontradicted." It is contended that this statement was a comment on or reference to the failure of the defendant to testify in his own behalf, and *Prince* v. *State,* 93 Miss. 266, 46 So. 537, is cited in support of this contention. In that case counsel for the state commented directly and unmistakably upon defendant's failure to deny his confession of guilt. In this case no direct reference is made to the defendant's failure to testify, but it is insisted that, in stating that the evidence for the state was uncontradicted, counsel indirectly commented on defendant's failure to testify in contradiction of the state's evidence. If counsel had rehearsed this evidence, all of it, and closed his argument with the statement to the jury that this was all of the evidence, and the jury should try him upon this

evidence alone, a sensitive mind might construe his remark as an indirect comment on defendant's failure to testify. Indeed, it would be difficult to argue this case at all without bringing into prominence the utter absence of evidence for the defendant.

The evidence for the state was uncontradicted—it stood alone as the evidence in the case— and to say so, in our opinion, cannot be construed as "any sort of reference, of any character whatever, to the failure of defendant to testify." To so hold, it seems to us, would be to deny to the state the privilege of arguing the case at all.

The judgment of the court below is affirmed, and August 6, 1915, is fixed for the execution of the judgment.

<em>Affirmed.</em>