March, 1927]  BAIRD v. STATE.  547

146 Miss.]  Syllabus.

with crime must be left to the decision of a jury in the county where the offense is charged.

with crime must be left to the decision of a jury in the county where the offense is charged.

The judgment of the lower court is affirmed.

The judgment of the lower court is affirmed.

*Affirmed.*

*Affirmed.*

BAIRD v. STATE.*

BAIRD v. STATE.*

(Division A.  May 23, 1927.)

(Division A.  May 23, 1927.)

[112 So. 705.  No. 26280.]

[112 So. 705.  No. 26280.]

1. CRIMINAL LAW. *Ordinarily opinion of nonexpert on insanity should be accompanied by statement of facts on which it is based.*

1. CRIMINAL LAW. *Ordinarily opinion of nonexpert on insanity should be accompanied by statement of facts on which it is based.*

Ordinarily opinion of a nonexpert witness that a person is insane should be accompanied by statement of the specific facts on which it is based.

Ordinarily opinion of a nonexpert witness that a person is insane should be accompanied by statement of the specific facts on which it is based.

2. CRIMINAL LAW. *Nonexpert, testifying that person is sane, need not accompany opinion by statement of specific facts.*

2. CRIMINAL LAW. *Nonexpert, testifying that person is sane, need not accompany opinion by statement of specific facts.*

Nonexpert witness, testifying that person is sane, need not accompany opinion by statement of specific facts on which it was based, for in that case the subject of testimony has given no manifestations of eccentricities which usually mark the conduct of mind diseased.

Nonexpert witness, testifying that person is sane, need not accompany opinion by statement of specific facts on which it was based, for in that case the subject of testimony has given no manifestations of eccentricities which usually mark the conduct of mind diseased.

3. CRIMINAL LAW. *Refusal, after close of evidence, to receive expert testimony of insanity at time of homicide, held not abuse of discretion.*

3. CRIMINAL LAW. *Refusal, after close of evidence, to receive expert testimony of insanity at time of homicide, held not abuse of discretion.*

In prosecution for murder, refusal after close of evidence, but before case was submitted to jury, to permit defendant to introduce an expert on insanity, who would have testified that defendant was insane at time of homicide, *held* not to disclose an abuse of discretion, where only excuse for failure to introduce evidence as part of evidence in chief was that witness was not then present.

In prosecution for murder, refusal after close of evidence, but before case was submitted to jury, to permit defendant to introduce an expert on insanity, who would have testified that defendant was insane at time of homicide, *held* not to disclose an abuse of discretion, where only excuse for failure to introduce evidence as part of evidence in chief was that witness was not then present.

4. CRIMINAL LAW. *Reopening case for introduction of further testimony is discretionary, and will not be interfered with, unless disclosing abuse.*

4. CRIMINAL LAW. *Reopening case for introduction of further testimony is discretionary, and will not be interfered with, unless disclosing abuse.*

Whether a case shall be reopened for introduction of further testimony rests ordinarily in the sound discretion of the trial court,

Whether a case shall be reopened for introduction of further testimony rests ordinarily in the sound discretion of the trial court,

and its ruling thereon will not be interfered with, unless disclosing manifest abuse of discretion.

5. CRIMINAL LAW. *Counsel's statement that cold-blooded murder was done and was undisputed held not "comment on failure of defendant to testify" (Hemingway's Code, section 1578).*

Statement of counsel, addressing jury for the state in murder prosecution, to effect that cold-blooded murder had been done and was undisputed, *held* not in violation of Hemingway's Code, section 1578 (Code 1906, section 1918), as constituting a "comment on failure of defendant to testify."

6. CRIMINAL LAW. *Counsel's statement that cold-blooded murder was done and was undisputed held harmless, under circumstances, if comment on defendant's failure to testify (Hemingway's Code, section 1578).*

Statement of counsel, in addressing jury for the state in murder prosecution, that cold-blooded murder had been done and was undisputed, if in violation of Hemingway's Code, section 1578 (Code 1906, section 1918), as a comment on failure of defendant to testify, *held* harmless, where homicide was undisputed and was cold-blooded, unless defendant was insane at time he committed it.

*Corpus Juris-Cyc References: Criminal Law 16CJ, p. 751, n. 99; p. 752, n. 2, 4; p. 870, n. 65 New; p. 872, n. 76; p. 903, n. 58; 17CJ, p. 244, n. 67; p. 301, n. 54; Evidence, 22CJ, p. 607, n. 28; p. 608 n. 30.

APPEAL from circuit court of Chickasaw county.
HON. T. E. PEGRAM, Judge.

Brenda Lee Baird was convicted of murder, and he appeals. Affirmed.

*Bratton & Mitchell* and *T. L. Haman,* for appellant.

I. Appellant moved to set aside the verdict of the jury and grant him a new trial, "because Hon. B. N. Knox, associate counsel for the state in his opening argument referred to the fact that the defendant had failed to take the stand in his own behalf." The remark made by Mr. Knox was in this language: "Gentlemen of the jury, I call your attention to the fact that the testimony for the state shows that in this case a cold-blooded mur-

der has been done and it is undisputed.'' This remark comes squarely and fairly under the condemnation of section 1578, Hemingway's Code. See, also, *Yarbrough* v. *State,* 70 Miss. 593, 12 So. 551; *Reddick* v. *State,* 72 Miss. 1008, 16 So. 490.

II.  The court erred in admitting the testimony of certain witnesses who simply expressed an opinion to the effect that the defendant was sane at the time of the homicide and sane at the time of the trial, without being qualified by the court under the rules of evidence. *Provident Life Ins. Co.* v. *Mrs. Emma McWilliams,* 107 Miss. 527.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

I.  *The argument of counsel for the state.* In order for the argument of an attorney for the state to work a reversal of the case, it must appear (1) that a reasonable construction of the argument is a comment upon the failure of the defendant to testify; (2) that the comment was prejudicial to the rights of the defendant. A reasonable construction of the language here is not a comment upon the failure of the defendant to testify. *Johnson* v. *State,* 109 Miss. 622; *Drane* v. *State,* 92 Miss. 180.

Even though the court should hold that this argument was a comment upon the failure of the defendant to testify, it was not prejudicial to the rights of the defendant.  The only defense interposed by the defendant was that of insanity. *House* v. *State,* 97 So. 4; *Wells* v. *State,* 96 Miss. 500.

II.  The district attorney attempted to prove what the defendant did and said at the time he was arrested and after he was put in jail in an attempt to show that he was sane.  The attorney for the defendant objected to

this testimony and his objection was sustained by the court. The attorney now complains that this testimony was incompetent because the witness did not testify to the facts. This witness did not testify that the defendant was sane; he said he did not know whether he was sane or insane. The testimony of these witnesses is competent. *Wood* v. *State*, 58 Miss. 741; *Reed* v. *State*, 62 Miss. 405; *Bacto* v. *State*, 96 Miss. 125; *Bishop* v. *State*, 96 Miss. 846.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of murder; the appellant's defense in the court below being insanity. The evidence as to the sanity of the appellant consisted principally of the testimony of nonexpert witnesses under whose observation the appellant had come. Several witnesses, who had ample opportunity for observing the conduct of the appellant, were permitted, over the appellant's objection, to state that in their opinion the appellant was sane at the time of the homicide. The objection to this testimony was that this opinion was not accompanied by a statement of the specific facts on which it was based. Ordinarily, the opinion of a nonexpert witness that a person is insane should be accompanied by a statement of the specific facts on which it is based. "But if the witness testifies that the person is sane, no such necessity exists, for in that case the subject of the testimony has given no manifestations of eccentricities which usually mark the conduct of the mind diseased, and only the absence of such manifestations could be shown." 3 Jones on Evidence (2d Ed.) 533; 42 C. J. 607.

After the close of the evidence, but before the case was submitted to the jury, counsel for appellant requested, but was refused, permission to introduce an expert on insanity, who would have testified that in his opinion the appellant was insane at the time of the homicide. This evidence should have been introduced as a part of the

appellant's evidence in chief, and the only excuse for the failure so to do is that the witness was not then present. Why his presence could not then have been procured does not appear.

Whether a case shall be reopened for the introduction of further testimony rests, ordinarily, in the sound discretion of the trial court, and its ruling thereon will not be interfered with by this court, unless it discloses a manifest abuse of discretion. Such is not the case here. The appellant did not testify, and private counsel, in addressing the jury for the state, used the following language:

"Gentlemen of the jury, I call your attention to the fact that the testimony for the state shows that in this case a cold-blooded murder has been done, and it is undisputed."

This language was objected to on the ground that it was a comment on the failure of the appellant to testify, and therefore violated section 1578, Hemingway's Code (section 1918, Code of 1906). This objection was overruled, and an exception was filed. This statment was not a comment on the failure of the appellant to testify (*Jackson* v. *State*, 109 Miss. 622, 68 So. 917), and moreover was harmless (*House* v. *State*, 151 Miss. 436, 83 So. 611), for the homicide was undisputed, and was cold-blooded, unless the appellant was insane at the time he committed it, and on this issue it is hardly probable that the statement could have affected the jury's verdict.

The appellant's defense of insanity was fairly submitted to the jury by the instructions granted, and the instruction refused the appellant, and here complained of, is without support in the evidence.

*Affirmed.*