* Corpus Juris-Cyc References: Criminal Law 16CJ, p. 751, n. 99; p. 752, n. 2, 4; p. 870, n. 65 New; p. 872, n. 76; p. 903, n. 58; 17CJ, p. 244, n. 67; p. 301, n. 54; Evidence, 22CJ, p. 607, n. 28; p. 608 n. 30.
This is an appeal from a conviction of murder; the appellant's defense in the court below being insanity.
The evidence as to the sanity of the appellant consisted principally of the testimony of nonexpert witnesses under whose observation the appellant had come. Several witnesses, who had ample opportunity for observing the conduct of the appellant, were permitted, over the appellant's objection, to state that in their opinion the appellant was sane at the time of the homicide. The objection to this testimony was that this opinion was not accompanied by a statement of the specific facts on which it was based. Ordinarily, the opinion of a nonexpert witness that a person is insane should be accompanied by a statement of the specific facts on which it is based. "But if the witness testifies that the person is sane, no such necessity exists, for in that case the subject of the testimony has given no manifestations of eccentricities which usually mark the conduct of the mind diseased, and only the absence of such manifestations could be shown," 3 Jones on Evidence (2d Ed.) 2337; 22 C.J. 607.
After the close of the evidence, but before the case was submitted to the jury, counsel for appellant requested, but was refused, permission to introduce an expert on insanity, who would have testified that in his opinion the appellant was insane at the time of the homicide. This evidence should have been introduced as a part of the *Page 551 
appellant's evidence in chief, and the only excuse for the failure so to do is that the witness was not then present. Why his presence could not then have been procured does not appear.
Whether a case shall be reopened for the introduction of further testimony rests, ordinarily, in the sound discretion of the trial court, and its ruling thereon will not be interfered with by this court, unless it discloses a manifest abuse of discretion. Such is not the case here.
The appellant did not testify, and private counsel, in addressing the jury for the state, used the following language:
"Gentlemen of the jury, I call your attention to the fact that the testimony for the state shows that in this case a cold-blooded murder has been done, and it is undisputed."
This language was objected to on the ground that it was a comment on the failure of the appellant to testify, and therefore violated section 1578, Hemingway's Code (section 1918, Code of 1906). This objection was overruled, and an exception was filed. This statment was not a comment on the failure of the appellant to testify (Jackson v. State, 109 Miss. 622, 68 So. 917), and moreover was harmless (House v. State, 121 Miss. 436, 83 So. 611), for the homicide was undisputed, and was cold-blooded, unless the appellant was insane at the time he committed it, and on this issue it is hardly probable that the statement could have affected the jury's verdict.
The appellant's defense of insanity was fairly submitted to the jury by the instructions granted, and the instruction refused the appellant, and here complained of, is without support in the evidence.
Affirmed. *Page 552