EASTERLING v. STATE.

(In Banc. Feb. 12, 1945.)

[20 So. (2d) 840. No. 35740.]

**A. S. Scott,** of Laurel, for appellant.

**Greek L. Rice**, Attorney General, by **R. O. Arrington**, Assistant Attorney General, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The only assignment requiring discussion is the complaint that in his argument to the jury the district attorney, in violation of Sec. 1691, Code 1942, commented on the failure of appellant to testify. The basis for this complaint is embodied in a special bill of exceptions which, omitting the formal parts, is as follows:

''The district attorney in arguing the case said: 'The defendant has not furnished you a single witness who said that the defendant did not do it.' ''

This is all that is shown by the bill of exceptions. The charge was grand larceny and the defense was an alibi. Appellant introduced six witnesses who testified that at the time laid by the two state's witnesses, appellant was at the home of a neighbor two or three blocks away from the scene. In his cross-examination of four of these witnesses, the district attorney pressed upon them the question—or questions to that effect—whether they could swear that appellant did not commit the offense, to which they responded that they could not say. Of two of the witnesses, the district attorney did not make this inquiry, but we may assume that since he considered it of significance that the four who were specifically questioned did not say that appellant did not commit the offense, it was of equal significance that the other witnesses introduced did not so say, and in this we are referring to the probable

course of the argument and to what it may be that the attention of the jury was being directed, and not to the cogency, if any, of the argument.

In its ordinary signification the word "furnish" is not synonymous with "perform," so that it has been held that an agreement by a party to furnish services is not an agreement that he himself shall do the work or any part of it. See for instance Adams v. Feiges, 206 Wis. 183, 239 N. W. 446, 448. Upon similar principle, an assertion that a defendant has not furnished witnesses does include a comment that he has not furnished himself as a witness, unless the entire text in connection with which the assertion is made is sufficient to disclose that the meaning conveyed was one inclusive of the defendant himself. We have nothing before us of the associated assertions— nothing except what has above been quoted—and of course we cannot assume that they were such as to supply a meaning other than that literally embraced in the quoted excerpt. It may be conjectured that the jury understood the reference as one including the defendant himself, but if we are to resort to conjecture as to what a jury understood, we would place prosecuting attorneys in such a strait-jacket as to unduly hamper them in the legitimate scope of their work.

Inasmuch, however, as an expression such as used in this case introduces the possibility that the jury may have thought of it as a reminder that the defendant had not testified, such an expression should not be used by a prosecuting attorney, and if used and its contextual connection when placed before us discloses a likelihood that the jury understood it as a comment on the failure to testify, we will of course apply the corrective by a reversal. But as already indicated, we cannot substitute conjecture for likelihood and must assume, if reasonably permissible, that the connection in which the argument was used rendered it legitimate, that is to say, that it did not violate the cited statute.

Affirmed.