260 So.2d 445 (1972)
W.T. CLARK
v.
STATE of Mississippi.
No. 46771.
Supreme Court of Mississippi.
April 3, 1972.
Stanfield & Wallace, Jackson, for appellant.
A.F. Summer, Atty. Gen. by John Kinard, Sp. Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant W.T. Clark was indicted, tried and convicted in the Circuit Court of Rankin County on a charge of grand larceny. He was sentenced to serve a term of five years in the State Penitentiary. From *446 this conviction and sentence he appeals. We reverse and remand for a new trial.
Since this case must be reversed for a new trial, we will not detail the evidence. It is sufficient to say that on March 24, 1971, a sum of money in excess of $600 was taken from McRae Mercantile Company in Value, Mississippi. No one saw appellant take the money, and the evidence that he did take it was wholly circumstantial.
Appellant first urges that the trial court was in error in refusing to grant his motion for a directed verdict of not guilty because of the failure of the state to prove the ownership of the money as charged in the indictment. The indictment charged that the money was the property of Doris Ann McRae and Duncan McRae. Appellant contends that the burden was upon the state to prove the ownership of the money as charged beyond a reasonable doubt. This is undoubtedly true, but after the review of the evidence in this case, we are of the opinion that the evidence and the reasonable inferences that could be drawn therefrom was sufficient to withstand a motion for a directed verdict.
Appellant next urges that the trial court was in error in overruling his motion for a mistrial because in the final argument to the jury the district attorney commented upon the failure of the accused to testify. The record reflects that appellant did not testify and offered no witnesses in his behalf. The record and the special bill of exceptions reflect that during the course of the final argument the district attorney stated:
We have shown you by the evidence, uncontroverted testimony, that he is the only one who could have taken the money. There are good reasons why we should not speculate, and you should base your decision on the law and the evidence, if they had any evidence; otherwise they could have presented it. (Emphasis added)
While making this statement the district attorney turned towards the defendant and pointed to him. This argument as we view it, amounted to a comment of the failure of the accused to testify in his own behalf. Section 1691, Mississippi Code 1942 Annotated (1956), provides that the failure of the accused to testify shall not operate to his prejudice or be commented on by counsel. We have held in many cases that any reference to the failure of the defendant to testify constitutes reversible error when proper objection is made and the proper procedure is followed to preserve the error. See Lambert v. State, 199 Miss. 790, 25 So.2d 477 (1946), and the cases cited therein. There are a few cases where the comments are of the character here under consideration in which we have held that the comments did not amount to reversible error. In those cases there was either an eye witness other than the accused available to him and who was not placed on the stand, or the guilt of the accused was so manifest that no fair jury could have returned a verdict other than guilty. Chatman v. State, 244 Miss. 659, 145 So.2d 707 (1962). There were no eye witnesses to the crime charged her, and appellant's guilt was not manifest. We are of the opinion that under the circumstances of this case, the trial court should have granted appellant's motion for a mistrial, or sustained his motion for a new trial after the verdict.
There are other errors assigned but they are either without merit or not likely to recur on another trial. However, there is one other error assigned which should be commented upon. In assignment of error number six, appellant states that the trial court erred in granting instructions for the state which fail to include the essential elements of the crime charged in the indictment, and also included facts not in evidence and which referred the jury back to the indictment for proof of the same. We have not considered this assignment of error because the appellant failed to object to the instruction as required by *447 Mississippi Supreme Court Rule 42. Perhaps the failure of counsel to object to these instructions was based upon a statement dictated into the record by the trial judge. This statement is:
Let the record show that the rules adopted for operation of certain Courts in Mississippi, particularly the rule applying to the requirement that jury instructions be filed 24 hours in advance is hereby waived and relaxed as to this case by agreement of the District Attorney and the attorneys for defendant joined in by the Court.
If it was the intention of the trial court and counsel to attempt to waive the requirement of Rule 42 of this Court, it was wholly ineffective. Rule 42, in pertinent part states:
It is, therefore, the rule of this Court that no assignment of error based on the giving of an instruction to the jury will be considered on appeal unless specific objection was made to the instruction in the trial court stating the particular ground or grounds for such objection. However, in extreme cases this Court may raise an objection to a jury instruction in order to prevent manifest injustice. This rule shall take effect and be in force as to all cases tried after June 1, 1971.
This case was tried after the effective date of the rule.
While the circuit courts may waive the requirements of their rule relative to the requirement that the jury instructions be filed 24 hours in advance, only this Court can waive the requirements of Mississippi Supreme Court Rule 42, and then only to prevent manifest injustice. This rule will be strictly adhered to by this Court.
For the reasons stated, this case is reversed and remanded for another trial.
Reversed and remanded.
RODGERS, P.J., and JONES, PATTERSON and ROBERTSON, JJ., concur.