RODGERS, Presiding Justice.
The appellant Charles Proctor was indicted by the Grand Jury of Rankin County, Mississippi, on a charge of murder. He was tried and convicted of manslaughter and was sentenced to a term of twenty (20) years in the state penitentiary. He has appealed to this Court and now contends that he did not get a fair trial because it is said the testimony introduced by the State of Mississippi did not establish the defendant’s guilt, and that he was entitled to a directed verdict of not guilty. Appellant also alleges that certain instructions granted to the state were erroneous and that certain instructions refused to the defendant should have been granted by the trial judge.
The testimony in this case presents a rather gruesome story. During the night of July 21, 1971, the appellant and Sarah *900 Brown were engaged in a fight. The details of the fight are not clear. The fight started when the defendant fired a shotgun blast into the back of the automobile belonging to the deceased Sarah Brown. The neighbors heard the fight and heard the defendant tell the deceased to go into the house or he would kill her.
Proctor awoke one George Hobson who lived in the house with him, and told him that he had a fight with Sarah and she had an attack and fell out. The defendant and Hobson took Sarah Brown to the hospital where it was discovered that she was dead. A deputy sheriff was called and he went to the hospital and observed the deceased. The officers then went to the home of the defendant and there found blood about the house and on a bed. A bloody hammer and crowbar were found, and the whole house was in disarray and shambles. An autopsy was performed upon the body of the deceased by a pathologist. The doctor was of the opinion from his examination that the deceased “died in a diabetic coma and that the beating she had received was a contributory cause.” He based his conclusion upon his discovery of a small hemorrhage around the brain.
The only witness offered on behalf of the defendant, Proctor, was the family doctor of the deceased, who testified that Sarah Brown was a severe diabetic.
It is the contention of Proctor that the state did not establish that his acts caused the death of the deceased Sarah Brown because it is said there is no direct testimony in the record that the defendant struck or otherwise assaulted the deceased, and that the overwhelming proof shows that the deceased died as the result of a diabetic acidosis coma. It is then contended that all of the evidence for the state tending to connect the defendant with the cause of the death of the deceased Sarah Brown was circumstantial evidence and that the trial court violated the defendant’s right to a fair trial by refusing to permit the defendant to instruct the jury on circumstantial evidence.
The testimony in this case is not based entirely upon circumstances. The defendant admitted to one of the witnesses that he had a fight with the deceased. The neighbors heard him threaten to kill the deceased and heard the fight while it was in progress. As a matter of fact, the defendant even shot into the back'of Sarah Brown’s automobile. The pathologist discovered that the deceased had suffered a brain hemorrhage. It was not a circumstantial evidence case.
It is argued, however, that the district attorney obtained an instruction on circumstantial evidence which was given to the jury. We have been unable, however, to find where the defendant specifically objected to these instructions and, since this case was tried after Rule 42 of the Mississippi Supreme Court Rules became effective, requiring objections to be made in the trial court, we will not discuss the instructions except to say that we find no reversible error in the instructions as a whole. See: Clark v. State, 260 So.2d 445 (Miss. 1972).
The argument of the appellant to the effect that the testimony introduced by the state was insufficient to show that the death of the deceased was caused by the defendant, is not well taken for the following reasons.
It is generally accepted as a rule of law that an injury is an effective cause of the death of a victim where it directly and materially contributed to the death of such person. 40 C.J.S. Homicide § lib, p. 854 (1944). It has been said that “One who inflicts a blow or wound upon another, which devolves into or initiates an affliction or disease, is criminally responsible for the death of such person ultimately resulting from the affliction or disease.” 40 Am.Jur.2d Homicide, § 20, p. 313 (1968).
We said in the case of Schroer v. State, 250 Miss. 84, 160 So.2d 681, 684 (1964):
“The consequences of an act, which is the efficient cause of the death of anoth *901 er, are not excused by the preexisting physical condition of the person killed or by his low vitality, which rendered him unable to withstand the shock of the wound or blows inflicted. This may be so even though without the predisposed condition the blow would not have been fatal, provided that a causal connection between the blow and the fact of death is shown.”
We are of the opinion that the issue here as to whether or not the blows inflicted upon the deceased were an effective contributing cause of the death of Sarah Brown was a jury question, and which, in our judgment, was properly determined by the jury. Dixon v. State, 104 Miss. 410, 61 So. 423 (1913); 40 Am.Jur.2d Homicide, § 476, p. 730 (1968).
We find no reversible errors in the trial of this case, and we, therefore, affirm the judgment and sentence of the trial court.
Affirmed.
PATTERSON, INZER, ROBERTSON and SUGG, JJ., concur.