357 So.2d 113 (1978)
Jimmy PETERSON
v.
STATE of Mississippi.
No. 50292.
Supreme Court of Mississippi.
March 29, 1978.
*114 Roy Pitts, Meridian, for appellant.
A.F. Summer, Atty. Gen., by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BROOM and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant was indicted, tried and convicted in the Circuit Court of Lauderdale County of the crime commonly known as "fondling," and was sentenced to serve a term of four years under the Mississippi Department of Corrections.
On appeal he sets out two assignments of error:
1. The trial court erred in allowing the indictment to be amended by adding into the wording and charge thereof the words "a male person" after the name of appellant; and
2. The trial court erred in not granting a mistrial when the prosecution commented on the failure of the accused to testify.
Appellant was indicted under Mississippi Code Annotated section 97-5-23 (1972), which reads as follows:
Any male person above the age of eighteen years, who, for the purpose of gratifying his lust, or indulging his depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his body or any member thereof, any child under the age of fourteen years, with or without his consent, shall be guilty of a high crime and upon conviction thereof, shall be fined in any sum not less than ten dollars ($10.00) nor more than one thousand dollars ($1,000.00), or be imprisoned in the state penitentiary not less than one year nor more than ten (10) years, or be punished by both such fine and imprisonment, at the discretion of the court.
The original indictment did not specify that appellant was "a male person" but charged that
Jimmy Peterson, in said county, on the 27th day of August, A.D., 1974, being above the age of eighteen years, did wilfully, unlawfully and feloniously for the purpose of gratifying his lust handle, touch or rub with his hands Teresa Bryant, a child under the age of fourteen years... . (Emphasis supplied)
Appellant demurred to the indictment and also filed a motion to quash. Upon motion of the state, it was allowed to amend the indictment so as to add that appellant was a "male person."
Code section 99-7-21 provides as follows:
All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the venire facias in capital cases, and before the jury shall be impaneled in all other cases, and not afterward. The court for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared.
The question under this assignment of error is whether or not the failure to specifically charge that the appellant was a male person is a formal defect which is curable or the omission of an essential element rendering the indictment void.
In the relatively short indictment the description of the charge used the word "his" in two different places. Therefore, we see that appellant was fully advised in the indictment that he was accused of being a male. In our opinion, the omission of the words "male person" was merely a formal defect which properly was added by amendment. The present case is distinguishable *115 from the prior cases advanced by appellant; these being Burchfield v. State, 277 So.2d 623 (Miss. 1972), and Love v. State, 211 Miss. 606, 52 So.2d 470 (1951). In the present case the indictment was amended according to statute and properly so.
During the State's closing argument to the jury, the assistant district attorney made the following statement:
The only witness you have heard concerning whether or not Jimmy Peterson put his hand on Teresa Bryant's leg was Teresa Bryant. She said he did. Not one single witness testified that Jimmy Peterson did not touch and rub Teresa Bryant's leg when he went into her bedroom without a stitch of clothes on. Teresa Bryant is the only witness that took the witness stand and said what happened and she said that he did it.
Prompt objection was made by appellant's attorney on the ground that the argument was an improper comment on the appellant's failure to testify. The court sustained the objection and directed the jury to disregard the comments. The motion for a mistrial was overruled. All proceedings were preserved by a properly filed special bill of exceptions.
It is elemental that if an accused does not testify this cannot be commented on by the State. Code section 13-1-9 provides:
The failure of the accused, in any case, to testify shall not however operate to his prejudice or be commented on by counsel.
The question before the Court was discussed thoroughly in Lambert v. State, 199 Miss. 790, 25 So.2d 477 (1946). In its opinion the Court set out the following discussion:
Lambert was convicted of robbery, sentenced to three years in the state penitentiary, and he appeals.
He did not testify. The district attorney, in his closing argument to the jury, said: "Where is the testimony that he did not do it? ... There's no denial." Counsel for Lambert immediately objected to this argument and moved the court for a mistrial, which the court overruled. Lambert contends that this was a comment by the district attorney upon his failure to testify in his own behalf and was a violation of Section 1691, Code 1942, which reads: "The accused shall be competent witness for himself in any prosecution for crime against him; but the failure of the accused, in any case, to testify shall not operate to his prejudice or be commented on by counsel."
The following Mississippi cases were reversed and remanded under this statute for remarks made by the State's attorney: Yarbrough v. State, 70 Miss. 593, 12 So. 551; Reddick v. State, 72 Miss. 1008, 16 So. 490; Sanders v. State, 73 Miss. 444, 18 So. 541; Hoff v. State, 83 Miss. 488, 35 So. 950; Smith v. State, 87 Miss. 627, 40 So. 229; Prince v. State, 93 Miss. 263, 46 So. 537; Harris v. State, 96 Miss. 379, 50 So. 626; Gurley v. State, 101 Miss. 190, 57 So. 565; Harwell v. State, 129 Miss. 858, 93 So. 366; Winchester v. State, 163 Miss. 462, 142 So. 454.
Some of the statements made in the foregoing cases were clearly comments upon the failure of defendants to testify, so that we will discuss only those of doubtful meaning and application and which are most similar to the remarks made in the case at bar.
In the Reddick case, counsel for the State, referring to an alleged admission made by the accused to one Swayzee, said: "And he has not denied it." When counsel for defendant suggested the impropriety of this comment, State's counsel corrected himself and then said: "It has not been denied." The trial judge instructed the jury to disregard the remarks. The State's attorney testified on motion for new trial that it was not his intention to refer to the fact that the defendant had not testified. However, this Court said that the intention of the attorney is immaterial; that the test is whether the language can be reasonably construed to be a comment upon the failure of defendant to take the stand. The case was reversed and remanded.
In the Sanders case, the comment was "There was enough in this evidence to *116 make it incumbent on the defendant to deny it, and he has not done so." On objection to this, the court reminded counsel he could not refer to the fact that the defendant had not testified and told the jury to disregard the remarks; whereupon counsel for the State said: "Well, then, consider that not said." This Court held that the error was not cured and reversed the case.
In Hoff v. State, the prosecuting attorney, holding in his hand a letter introduced as having been written by the defendant to the woman he was charged with having seduced, said "Nobody on earth denies that he wrote it ... No living soul has denied that defendant seduced this little girl." The case was reversed for those remarks.
In Smith v. State [87 Miss. 627, 40 So. 230], four persons were present on the occasion of the homicide, the defendant, the deceased, and two state witnesses. The district attorney said: "No one had denied that he ... killed Buchanan." "No one has denied that the witness Hobson was sober." This Court, speaking through Judge Truly, said those remarks could "only be reasonably construed as comments upon the failure of the defendant to testify in his own behalf," since the only eyewitnesses other than defendant had been introduced by the State; that these comments necessarily directed the attention of the jury to the fact that the defendant had not testified. The Court said further: "As long as the law stands as now written, it prohibits any comment upon the failure of the defendant to testify. And this is true without regard to the character of the comment, or the motive or intent with which it is made." In the Prince case, the district attorney said: "Gentlemen of the jury, he confessed the killing of McAllister to Will Jones, and that confession stands uncontradicted before you to-day." The court sustained the objection to this statement "if counsel had reference to defendant's failure to go on the stand." The district attorney replied that he had no intention of referring to that, whereupon the Judge instructed the jury not to consider the remarks. However, this Court felt compelled to reverse the case, Judge Whitfield saying: "This Court has several times, in the most positive and emphatic way, held that any sort of reference, of any character whatever, to the failure of a defendant to testify, constitutes reversible error."
The Gurley case involved a shooting affray between Dr. Davis and Gurley. Each shot the other and Dr. Davis died and Gurley was charged with his murder. Defendant's counsel in his argument had said that if the defendant had died instead of Dr. Davis that Dr. Davis would have been charged with murder of the defendant. The district attorney, replying to that argument, said [101 Miss. 190, 57 So. 566]: "If that was true, he would have put Blankenship and other witnesses up, and Dr. Davis would have mounted the stand and told how that occurred." This Court said: "No ingenuity, however artful, no subtlety, however refined, can escape the conclusion that this statement made by the prosecuting counsel held up to the jury the failure of the defendant to testify . .. If the other man, Dr. Davis, were on trial, he would be more frank, and not be afraid of a full disclosure; but this defendant was afraid of a full disclosure, and hence dared not testify."
The Court quoted from the Yarbrough case, supra, wherein the Court said: "The word `comment,' as employed in the statute, does not mean to criticise or condemn or anathematize the accused for his failure to testify. It forbids, in unmistakable language, any comment, friendly or unfriendly. It forbids any remark, of any character, in any words, upon the failure of the accused to testify. The attention of the jury is not to be called to the fact at all by counsel... ."
In Winchester v. State, 163 Miss. 462, 142 So. 454, 456, the district attorney said: "What defense has been shown here? There is no denial that he killed her . . Not a single soul has said she was not *117 shot as this Darden woman has told you." This Court observed that since appellant and the State's witness Leona Darden, were the only eyewitnesses to the killing, the language of the State's attorney "could have meant nothing less than a comment on appellant's failure to testify ..."
The Court has reiterated the foregoing principles in the recent case of Hines v. State, 339 So.2d 56 (1976). See also Brown v. State, 340 So.2d 718 (Miss. 1976); Chatman v. State, 244 Miss. 659, 145 So.2d 707 (1962).
We will not go into a discussion of the evidence upon which appellant was convicted. It suffices to say that the young female involved and appellant were the only persons present when the alleged incident occurred. The young girl's testimony was sufficient to justify a conviction of appellant under the indictment. No one testified in appellant's behalf regarding the facts of the incident. The State advances a strong argument that the statement of the assistant district attorney was cured by prior instructions given the jury that they could not construe appellant's failure to testify against him in any manner whatsoever. As heretofore stated, the erroneous statement was made in the State's closing argument and the statement only served to impress on the jury the fact that appellant did not take the stand and dispute the testimony of the only direct witness against him. The State relies on the case of Barnes v. State, 230 Miss. 299, 92 So.2d 863 (1957), in contending that appellant was not prejudiced because of the instructions to the jury. In Barnes the comment was held not to be reversible error. The comment there, however, was different from the comment now before the Court and, as said previously, each case on these types of matters has to be considered in the light of that particular case. The facts of all are different. The comment in Barnes was not directed to the guilt or innocence of the accused. The comment in the present case clearly is directed toward that part of the case.
We hold that the comment of the prosecution was erroneous and constitutes reversible error. The motion for a mistrial should have been granted. Therefore, it is necessary for the cause to be reversed and remanded for a trial before another jury.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.