## PINTER v. STATE.

(In Banc. April 12, 1948.)

[34 So. (2d) 723. No. 36708.]

**A. M. Warwick,** of Carthage, for appellant.

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant appeals from a conviction of murder, the judgment imposing life imprisonment. The errors assigned and argued are (1) the incompetency of the defendant's confession; and (2) the inclusion of certain proffered testimony as to the personal habits and hostile traits of the deceased. Other assignments relate to the sufficiency of the testimony, all of which are bound up in the assignment number one, above referred to.

The circumstances under which the written confession was procured show no undue influence by threats, promises, or otherwise. It is alleged, however, that prior to its execution the defendant had been subjected to influences which incited him to fear, and that these remained with him when he signed the confession. These fears are asserted to have originated in the prediction of a fellow prisoner that defendant would be taken to the county jail at Jackson and placed in the "death cell"; that the officers who were among those present at the time of the confession were armed; that they so far discounted some of his recitals as to dub defendant as a "damned liar"; and that while en route to jail a Mr. King, who was not addressing the defendant, brought into the conversation the existence of "a machine that would read your mind" and produce other physiological reactions. When asked what influence this statement made upon him, the defendant testified "it scared me." It would seem that his fear was not of the machine but of its capacity to elicit truth. It was therefore a fear of the truth and its consequences. A desire to anticipate, by voluntary disclosure, the supposed revelations of a "lie detector" has its origin in the mind and conscience of the defendant, and is not an "undue influence." It should be added that the testimony shows that Mr. King and the others present denied references to the lie detector and the calling of defendant a liar. After the confession had been reduced to writing, it was read to the

defendant who approved it and requested that the following be added, which was done before he signed it: "I want to be put to death for my crime for I know I will not have any friends after this." We conclude that the admission of the confession was not error.

The confession together with the dismembered relics of the identified body of the deceased were sufficient to establish the corpus delicti, and to justify the verdict and judgment.

We need not set out the confession in detail. Briefly summarized, the defendant confessed that the deceased, who was his father, had cursed and maligned his mother and defendant, and that thereupon "I got mad and while he was standing by the fire with his back to me, I got the shotgun, a 12-gauge gun, from the corner of the room and shot my father in the left side of the back just below or near the shoulder blade. He fell in the floor dead."

Upon the witness stand, the defendant corroborated the facts set out in the confession except that he denied he shot his father in the back, and further that his father was reaching for a knife, and while they were scuffling over the gun "it went off." These discrepancies are not material, for if the confession be true the homicide was murder; if the testimonial version be true it was an accident. Wherefore, the contention that the killing was at most only manslaughter is untenable.

The second assignment is based upon the exclusion of testimony that the deceased had the reputation among members of his family as dangerous, quarrelsome, and abusive when intoxicated. In no event would such testimony, even if relating to a general reputation, be relevant unless upon the issue of aggression. Neither the version of the confession nor that given by the testimony of the defendant made this issue relevant. Self-defense was not pleaded.

We find no error in the record.

Affirmed.