ABNER YARBROUGH v. THE STATE.

1. ARGUMENT. *Failure of accused to testify. Comment. Code* 1892, § 1741.

   Section 1741, code 1892, declaring that "the failure of the accused, in any case, to testify shall not operate to his prejudice, or be commented on by counsel," is imperative in forbidding any and all comment, friendly or unfriendly, as to such failure; counsel may not even call the attention of the jury to the fact.

2. SAME. *Admonition. Failure of counsel to heed. New trial.*

   Where counsel for the state refers to the failure of the accused to testify, and, being admonished by the court, continues the comment to the extent of stating an alleged reason for it, a new trial will be granted; and this without regard to the character of the comment.

FROM the circuit court of Winston county.

HON. A. G. MAYERS, Judge.

Appellant was convicted of murder, and sentenced to the penitentiary for life. The opinion contains a sufficient statement of the case to indicate the point decided. To this statement it may be added that there was testimony tending to show certain confessions made by the accused, and evidently it was to this testimony counsel for the prosecution was alluding when he was interrupted by the court as shown in the opinion.

No counsel for appellant.

*Frank Johnston,* attorney-general, for the state.

While it may be true that the statute was technically violated by the action of counsel for the state in alluding to the failure of the defendant to testify, the error is unquestionably without prejudice. The record shows that, by his voluntary confessions, the accused had sealed his own doom. The re-

mark by counsel could not possibly affect the result. No other verdict than that of guilty was possible. On this point, see *Lamar* v. *State*, 65 Miss., 93.

WOODS, J., delivered the opinion of the court.

In his argument of the case before the jury, one of the attorneys for the prosecution used this language, viz.: "Defendant has not taken the stand, which is his privilege under the law, and no inference can be drawn from the fact —," when the court interrupted counsel, and directed him not to make any comment. The counsel then resumed his address, and said: "Unfortunately for the defendant, he has not, in this case, for he has immolated himself on an altar of his own erection." This failure of counsel for the state to heed the presiding judge's admonition, and his persistent disregard of a plain requirement of law, must reverse this case, and secure to the appellant a new trial.

The statute declares that "the failure of the accused, in any case, to testify shall not operate to his prejudice or be commented on by counsel." The word "comment," as employed in the statute, does not mean to criticise or condemn or anathematize the accused on his failure to testify. It forbids, in unmistakable language, any comment, friendly or unfriendly. It forbids any remark, of any character, in any words, upon the failure of the accused to testify. The attention of the jury is not to be called to the fact at all by counsel.

In this case, comment was made; criticism was indulged. The failure of the accused to testify was pointed out to the jury, and, on admonition from the court that the counsel was on forbidden ground, counsel proceeded to inform the jury that the failure to testify by the defendant was unfortunate for him, "for," said the counsel, giving a reason for declaring the accused's course unfortunate, "he has immolated himself upon an altar of his own erection."

But, quite independently of the character of the comment, the statute forbids the comment itself. The failure of the

Statement of the case.

·accused to testify shall not operate to his prejudice, nor shall it be commented upon, remarked upon at all, by counsel. Comment was made—unfriendly comment, too—and prejudice may have been made operative against the accused, and so he has not had the trial to which he was entitled under the law.

*Reversed and remanded.*

NOTE.—After the decision of this case, and after the expiration of the term of court, upon a corrected transcript being furnished, it was discovered that, in copying the bill of exceptions, the words *"been silent"* following the words "has not," in the last sentence quoted by the court as the language of counsel, were inadvertently omitted. Owing to this omission, it would appear from the record that, after being admonished by the court, counsel persisted, and, in effect, said: "Unfortunately for the defendant, he has not testified in this case;" whereas, what he did say, as now appears, was this: "Unfortunately for the defendant, he has not been silent in this case, for he has immolated himself on an altar of his own erection," referring, evidently, to certain confessions alleged to have been made by the defendant. This explanation is made by direction of the court, in justice to counsel.—REPORTER. ·