## Burt Reddick *v*. The State.

1. **Argument.** *Failure of accused to testify. Comment. Code* 1892, § 1741.

   Under § 1741, code 1892, imperatively forbidding comment on the failure of accused to testify, where the prosecuting attorney, addressing the jury and referring to an alleged admission, says, "and he has not denied it," and, being interrupted, says "it has not been denied," this is ground for reversing a conviction, although the court immediately instructed the jury to disregard the remarks. *Yarbrough* v. *State*, 70 Miss., 593.

2. **Same.** *Character of comment. Intent of counsel immaterial.*

   It does not affect the result that the prosecuting attorney, on mo-

- tion for a new trial, testifies that he did not intend to comment on the failure of accused to testify but only meant that the testimony as to the admission was undisputed. Having used such language as could be reasonably construed as a comment. his intention is immaterial.

3. CRIMINAL PROCEDURE. *Evidence; order of. Fairness to accused.*

If, when the state rests in chief, manifestly no case has been made out against the accused, a motion to exclude the evidence and direct an acquittal should be sustained. If the motion is overruled it is improper, after the defense rests. to permit the state, under the guise of rebutting, to introduce the testimony chiefly relied upon to secure a conviction.

FROM the circuit court of Yazoo county.

HON. J. B. CHRISMAN, Judge.

Appellant was indicted for murder and convicted of manslaughter. The opinion of the court sets out the language used by the district attorney *pro tem.* in addressing the jury. On the motion for a new trial, as the record shows, the prosecuting attorney testified as follows: " Referring to the alleged admission to D. A. Swayze, I said, 'He has not denied it;' never used the word defendant, and, immediately upon suggestion of counsel, corrected myself, and said, ' It has not been denied.' It was not my intention to refer to the fact that the defendant failed to take the stand in his own behalf."

As the court does not refer separately to the instructions, but passes upon them as a whole, it is not deemed necessary to set them out, or to make any further statement of the case.

*Barnett & Thompson,* for appellant.

1. It was error to overrule defendant's motion for judgment, when the state rested in chief. At that time the testimony of Swayze, which was the only material evidence against the defendant, had not been introduced. It was introduced in rebuttal ! It is neither allowable nor just to permit the prosecution to resort to so cheap a trick as to reserve its strongest evidence for the last. This is a matter of practice, but we beg the court

to consider the danger of allowing a practice which compels the accused to exonerate himself before the incriminating evidence is produced against him.

For the reason stated above, it was improper to admit the testimony of Swayze after defendant had closed.

2. The constitutional rights of the defendant were infringed by the remarks of the district attorney in addressing the jury. *Yarbrough* v. *State*, 70 Miss., 593. Irrespective of the intention of counsel, if what he said conveyed the meaning to the jury that the comment was on the failure of the accused to testify, the statute was violated.

The correction by the court did not neutralize the pernicious consequences of the allusion of counsel. *Angelo* v. *People*, 96 Ill., 209; *Long* v. *State*, 56 Ind., 182. The mind of the average juror cannot, upon a mere admonition from the court, free itself of an impression such as this comment would make.

*Frank Johnston*, attorney-general, for the state.

The district attorney's testimony shows that he had no intention of referring to the failure of the defendant to testify. His remarks might reasonably have applied to the witness, Swayze, or to the fact that no testimony was introduced to contradict the confession, or, generally, that the fact of the confession was not controverted. I submit that the language of the court in *Yarbrough* v. *State*, 70 Miss., applies only to a case where it plainly appears that the comments or criticisms were actually directed at the defendant. Every remark of counsel which, by possibility, might be construed into a criticism because of defendant's failure to testify, will not be a ground for reversal. To come within the meaning of § 1741 of the code, there must be an express violation of the statute.

WOODS, J., delivered the opinion of the court.

The remark of counsel for the state, in his opening argument, addressed to the jury, was regarded by the intelligent and able

counsel for the accused, and by the learned judge who presided on the trial, as a comment upon the failure of the prisoner to testify. The counsel for the state himself admits that, referring to the alleged admission made by the prisoner to the state's witness, Swayze, he used this language, viz.: "And he has not denied it." He further admits that, when the prisoner's counsel interrupted him, suggesting the impropriety of this comment, he corrected himself, and said: " It has not been denied." The counsel making the comment, on hearing of the motion for a new trial, testified that it was not his intention to refer to the fact that the defendant failed to take the stand in his own behalf; but his intention was immaterial, if, in fact, he used such language as could be reasonably construed to be a comment, and an unfriendly one, too, upon the failure of the accused to testify. The court below so construed the remark. We so construe it, and the jury, without doubt, so understood it. It is true that, immediately on the prisoner's counsel excepting to the language of the counsel for the state, the court instructed the jury that the district attorney was prohibited from commenting on the defendant's failure to take the stand on his own behalf, and that the jury must not consider any such comment. But this action of the court could not, and did not, undo the wrong already done. The statute forbids absolutely any comment on the failure of the accused to testify, and it is the right of every person charged with crime to insist that he enjoy this statutory immunity from criticism by hostile counsel, and the disregard of this plain statute, and the decision of this court upon it, by the state's own counsel must reverse the judgment appealed from in this case. Code 1892, § 1741; *Yarbrough* v. *State*, 70 Miss., 593.

The most extraordinary course adopted by the counsel for the state in the introduction of evidence, fairly entitled the accused, at one stage of the proceedings, to a peremptory charge to the jury to return a verdict of not guilty. When the state first declared that it rested, it cannot be contended that any case had been then made out against the prisoner.

No jury either could or would have convicted, and no judge, if such a jury could be found, would have permitted such a conviction to stand for a moment. Why the state rested its case, at first, without introducing Swayze, its chief witness, we are at a loss to conjecture; but whatever the reason for its action, the course pursued in resting its case when unproved, and afterwards, under the pretense of putting in evidence in rebuttal, introducing its chief witness, Swayze, not to rebut, but to then make out its case against the prisoner for the first time, was so unprecedented, so irregular and so unfair as to merit condemnation. If the state's counsel undertakes to experiment with the court, or with the prisoner by refusing to introduce its material evidence before resting, and the experiment shall prove disappointing, the counsel should be held to the line of experimentation he has chosen. When the state rested without introducing the witness, Swayze, the court should have entertained the motion of the counsel for the prisoner to exclude the evidence in, and for judgment of acquittal; and the witness, Swayze, should not have been permitted to make the evidence chiefly, not to say only, relied upon to make out the prisoner's guilt, at the very conclusion of the trial, under the pretense that it was in rebuttal.

We find no error in the action of the court in either giving or refusing instructions, but for the errors before referred to the judgment will be reversed and the cause remanded for another trial.

*Reversed.*