339 So.2d 56 (1976)
Lawrence G. HINES
v.
STATE of Mississippi.
No. 49376.
Supreme Court of Mississippi.
November 2, 1976.
Joseph M. Stinson, Tylertown, for appellant.
*57 A.F. Summer, Atty. Gen. by Vera Madel Speakes, Sp. Asst. Atty. Gen., and Karen Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, P.J., and SUGG and WALKER, JJ.
SUGG, Justice, for the Court:
This is an appeal from the Circuit Court of Walthall County. Defendant, Lawrence G. Hines, was tried and convicted of armed robbery and sentenced to serve a term of life imprisonment in the Mississippi State Penitentiary.
On the evening of June 11, 1974, three black men entered Webb's Grocery in Lexie, Mississippi, armed with a pistol. The men held the proprietors of the store, Mr. and Mrs. Webb, at gunpoint before leaving with an undetermined amount of cash and valuables. Defendant's conviction was based entirely on the Webb's identification of the defendant as one of the robbers. Several issues raised by the defendant merit discussion.
Defendant's first assignment of error concerns the following remarks made at defendant's trial by the assistant district attorney during voir dire of the jury, "Do each of you realize that the defendant has the right not to testify in this case? You are not to draw any inference as to guilt or innocence of the defendant whether he does or does not take the stand." Counsel for the defense immediately objected and moved for a mistrial. The motion was overruled and the defendant did not testify.
Mississippi Code Annotated section 13-1-9 (1972), reads as follows:
The accused shall be a competent witness for himself in any prosecution for crime against him. The failure of the accused, in any case, to testify shall not however operate to his prejudice or be commented on by counsel.
In the instant case the prosecuting attorney commented on defendant's right not to testify. The reasons for the prosecuting attorney's remarks are not apparent, but perhaps he felt that the defendant could be provoked into testifying because of the statement. In any event the prosecutor's remarks, coupled with the defendant's subsequent decision not to testify is tantamount to a comment on the defendant's failure to testify and is therefore in violation of section 13-1-9.
This Court has consistently held that any comment by the prosecutor on an accused's failure to testify is error. Clark v. State, 260 So.2d 445 (Miss. 1972); Lambert v. State, 199 Miss. 790, 25 So.2d 477 (1946); Yarbrough v. State, 70 Miss. 593, 12 So. 551 (1893). We are not prepared to deviate from these prior decisions. The trial court committed reversible error by not granting the defendant's motion for a mistrial following the assistant district attorney's remarks.
Defendant also contends that his right to cross-examination was violated by the trial court's action in denying an attempted experiment by counsel for the defense. Mrs. Webb was called as a witness for the state and identified the defendant as one of the robbers. On cross-examination counsel for the defense attempted to require Mrs. Webb to look in the opposite direction from the trial judge while describing the physical characteristics of the judge. The purpose of this experiment was to test Mrs. Webb's ability to observe and recall descriptions.
The determination of whether to allow experiments and demonstrations during trial rests within the sound discretion of the trial judge. Experiments of this type should be viewed with caution because of the high risk of obtaining unreliable evidence. Whenever possible the experiment should be based on circumstances and conditions similar to those existing at the time of the offense. 23 C.J.S. Criminal Law § 967, at 870-871 (1961).
The experiment proposed in the present case involved completely different conditions from those testified about. Obviously, a victim's identification of an armed robber during a robbery versus a description of a judge in court lacks similarity. The trial court did not abuse its discretion in sustaining *58 the state's objection and thereby refusing to allow the experiment. See McCain v. State, 46 Ala.App. 627, 247 So.2d 383 (1971).
Defendant argues that Instructions No. 13 and No. 19 were erroneously refused by the trial court. We find no merit in this argument.
Instruction No. 13 advised the jury that no class of testimony is more uncertain and less reliable than that of identity, and that extreme care should be used in scrutinizing this identification of the defendant.
Mississippi Code Annotated section 99-17-35 (1972), prohibits a trial judge from commenting on the testimony or instructing the jury as to the weight of the evidence. Defendant's requested instruction was in violation of this statute. Ragan v. State, 318 So.2d 879 (Miss. 1975). Instruction No. 13 was properly refused as being a comment on the evidence and giving undue weight to a particular class of evidence.
The obvious intent of defendant's Instruction No. 19 was to require that every reasonable hypothesis consistent with defendant's innocence be extinguished before a verdict of guilty may be returned by the jury. We recently held in Irvin v. State, 258 So.2d 241 (Miss. 1972), that a similar instruction is not proper in a case where the elements of the crime are established by direct evidence. This instruction should be granted only when the evidence presented by the state is circumstantial. McCray v. State, 320 So.2d 806 (Miss. 1975). In the instant case the evidence presented by the state was the testimony of two eyewitnesses who identified the defendant as one of the armed robbers. Defendant's conviction did not depend on circumstantial evidence; therefore, the trial court properly refused the requested instruction.
The defendant's last assignment of error concerns the prosecutor's reference during closing argument to writing on the back of a photograph which showed that defendant had previously been convicted of possession of marijuana. The picture had been introduced into evidence by the defendant. We do not feel compelled to respond to this question since the case must be reversed on other grounds and the defendant will have an opportunity to insure that this situation does not recur.
REVERSED AND REMANDED FOR A NEW TRIAL.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER, BROOM and LEE, JJ., concur.