WALKER, Justice, for the Court:
McBride was convicted of embezzlement by a jury in the Circuit Court, Second Judicial District of Jones County. He was sen-. tenced to five years in the state penitentiary. We reverse.
Allegedly, McBride, an insurance agent, received the sum of $230.00 in trust from Glen and Ethel Goodwin for the purpose of securing fire insurance on a dwelling, and instead of securing the coverage, he converted the money to his own use. Some months later, the dwelling burned, and allegedly, McBride, when notified, then belatedly attempted, but failed to secure the coverage.
As part of its case, the state put on a witness who testified she saw a coemploy-ee of McBride use her [the witness] agency’s postage meter to backdate an envelope addressed to the company from which the fire insurance was sought. The envelope was later identified as the one which contained the application for the Goodwin’s fire insurance. The testimony concerning the backdating was allowed into evidence over objection. We hold that was reversible error, since the indictment did not charge a conspiracy, nor was there any proof of conspiracy. The backdating by McBride’s coemployee was not done in the presence of McBride, nor was there any testimony or evidence to show that it was done at his direction or that he had knowledge of the act. Under these circumstances, the testimony was not relevant to prove McBride’s guilt of embezzlement absent any other proof connecting him with the alleged backdating. The testimony was susceptible of creating the inference that McBride had instructed the coemployee to backdate the envelope in which the application for insurance was mailed, and was highly prejudicial. It is probable that the jury imputed the act to McBride when the testimony presented does not justify such. Humphreys v. State, 122 Miss. 41, 84 So. 141 (1920).
Since the case must be remanded, we briefly address two other assignments of error for purposes of new trial. Appellant correctly contends that instruction number 3 for the state was improper. The first part of the instruction, by the manner in which it is written, has a tendency to state as a fact that which the state is charged with proving. Notwithstanding that it purports to recite the charges against defendant, it is confusing and misleading. It should not be given in its present form in the event of a new trial.
Appellant also contends the indictment was improper. We disagree. While it was. inartfully drawn, it adequately stated a cause of action of embezzlement under Mississippi Code Annotated section 97-23-25 (1972).
The judgment of the trial court is reversed and the cause remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and GOFER, JJ., concur.