498 So.2d 796 (1986)
Alonzo BRIDGEFORTH
v.
STATE of Mississippi.
No. 55993.
Supreme Court of Mississippi.
November 19, 1986.
Jack R. Jones, III, Taylor, Jones, Alexander, Greenlee, Seale & Ryan, Southaven, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by John H. Emfinger, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and DAN M. LEE and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Alonzo Bridgeforth was convicted in the Circuit Court of DeSoto County of the crime of armed robbery and sentenced to life in the custody of the Department of Corrections. From this conviction and sentence he appeals to this Court.
The prosecution's case was based primarily upon the testimony of Joe Dean Felix, an admitted accomplice who was granted immunity in return for his testimony.
According to Felix, Alonzo Bridgeforth, Tony L. Bobo, Manuel Bridgeforth, and Felix planned to rob a store. Felix showed the others a place they could rob, the store of Mr. and Mrs. C.C. Crisp on Highway *797 # 301 in DeSoto County, Mississippi. Felix then separated himself from the other three and with Bridgeforth driving, the other three drove away in a light blue Ford Torino.
C.C. Crisp testified that two black males robbed his store and in the course of the robbery a gun fight broke out between the two Crisps and the two black males. Neither of the males who entered the store was Alonzo Bridgeforth. Crisp testified that one of the robbers was waiting in the car and that he was able to see the car as it drove away toward Memphis. He described it as a light looking car. The car, along with the pistol taken during the course of the robbery, was later located in Memphis.
Two Memphis detectives ascertained the names of three individuals who committed the robbery in Mississippi. Bridgeforth was arrested in Tennessee and later extradicted to Mississippi.
After the State rested its case, Bridgeforth's attorney moved to exclude the evidence and to direct a verdict of not guilty. When this was denied and at the conclusion of all the evidence, Bridgeforth's attorney filed motions for a new trial and for a judgment non obstante veredicto. Both of these motions were denied as well.

I.

DID THE TRIAL COURT ERR IN OVERRULING BRIDGEFORTH'S OBJECTIONS AND MOTIONS FOR A MISTRIAL IN RESPONSE TO IMPROPER REMARKS MADE BY THE PROSECUTOR CONCERNING BRIDGEFORTH'S RIGHT NOT TO TESTIFY?
The voir dire of the assistant district attorney made the following statement to the venire:
Now I want you all to understand that this trial will not be like the ones you see on TV. So don't expect anyone to jump up in the back of the courtroom and admit to committing the crime. I don't expect that to happen any more than I expect the defendant to confess committing the crime.
In his closing argument the same assistant district attorney said:
In other words, normal, respectable citizens of DeSoto County or Shelby County don't know what Alonzo Bridgeforth, Jr., does. He doesn't tell the good folks what he does. He tells other crooks just like .. .
Bridgeforth objected to the statement made on voir dire as improper comment on his right not to testify and also moved to quash the jury panel or in the alternative for a mistrial. This objection and motion were overruled. Bridgeforth also objected and moved for a mistrial on the ground that the statement was an improper comment on his right to remain silent when the assistant district attorney made his closing argument. This objection and motion were also overruled.
Mississippi Code Annotated, § 13-1-9 (1972), says "The accused shall be a competent witness for himself in any prosecution for crime against him. The failure of the accused, in any case, to testify shall not however operate to his prejudice or be commented on by counsel." (Emphasis added.) This statute was cited as far back as 1893 in the case of Yarbrough v. State, 70 Miss. 593, 12 So. 551 (1893), in which this Court stated:
The word "comment", as employed in the statute, does not mean to criticize or condemn or anathematize the accused on his failure to testify. It forbids, in unmistakable language, any comment, friendly or unfriendly. It forbids any remark, of any character, in any words, upon the failure of the accused to testify. The attention of the jury is not to be called to the fact at all by counsel.
Yarbrough, 70 Miss. at 594, 12 So. 551. (Emphasis added.)
In Wilson v. State, 433 So.2d 1142 (Miss. 1983), we found that based on a special bill of exceptions signed by the trial judge, the prosecutor in response to a previous argument made by defense counsel, stated:

*798 That Mr. Vollor referred to all the things the State didn't do and could have done. But what about the things Mr. Vollor didn't do. Where was the explanation as to where the TV and radio came from.
Wilson at 1145.
The defendant in that case did not testify and the defense counsel objected to the above remarks. The objection was overruled but the judge did instruct the jury to disregard the argument made by the district attorney. In speaking to that action this Court in Wilson said:
The trial judge recognized that the district attorney's statement was a comment on the appellant's failure to testify. District attorneys must not directly, or by innuendo and insinuation, comment on a defendant's not testifying. Any person competent to be a prosecuting attorney knows that elementary principle of law. If a prosecuting attorney, who is presumed to know better, persists in making erroneous and prejudicial remarks in his argument before the jury, then the trial court should deal harshly with him to the extent of sanctions, reprimands and contempt. This Court will not look for some reason to excuse such action of a prosecuting attorney, even though a new trial would be expensive to the people of the county. Such expense, fault and blame should be placed at the door of the person who is repsonsible for it.
Wilson at 1146.
Our recent case of West v. State, 485 So.2d 681 (Miss. 1985), is a helpful example of the limits to which this Court will go to enforce the legislative command that no comment shall be made upon a defendant's failure to testify in a criminal case. In West, we said that the "prosecution did come perilously close to the borderline of prejudicial argument" in his opening statement. West at 688. We found, however, that at that point, the trial judge was correct in overruling the motion for a mistrial, but when it became necessary for defense counsel to explain what he viewed as a comment by the State on his client's failure to testify in his own defense we found that the constitutional rights of West were violated. West at 686, 687.
In Young v. State, 420 So.2d 1055 (Miss. 1982), we found that a comment by a prosecutor in closing argument that he was sure that the defendant knew where the other half of the money was, was not a comment on the defendant's failure to testify. However, when a prosecutor's statement can reasonably be construed by a jury as a comment on the defendant's failure to testify, "then it would be immaterial that the attorney intended to refer to a situation other than the trial-in-chief." Davis v. State, 406 So.2d 795, 801 (Miss. 1981), citing Reddick v. State, 72 Miss. 1008, 16 So. 490 (1895).
In Hines v. State, 339 So.2d 56 (Miss. 1976), during voir dire the prosecutor said, "Do each of you realize that the defendant has the right not to testify in this case? You were not to draw any inference as to guilt or innocence of the defendant whether he does or does not take the stand." Defense counsel immediately objected and moved for a mistrial which was denied. When the case reached this Court, we once again focused on Mississippi Code Annotated, § 13-1-9 (1972), and found that the prosecutor's remarks, coupled with the defendant's subsequent decision not to take the stand is tantamount to a comment on the defendant's failure to testify and was therefore in violation of the aforementioned statute.
This Court has consistently held that any comment by the prosecutor on an accused's failure to testify is error. Clark v. State, 260 So.2d 445 (Miss. 1972); Lambert v. State, 199 Miss. 790, 25 So.2d 477 (1946); Yarbrough v. State, 70 Miss. 593, 12 So. 551 (1893). We are not prepared to deviate from these prior decisions. The trial court committed reversible error by not granting the defendant's motion for a mistrial following the assistant district attorney's remarks.
Hines at 57.
Based on these authorities, we conclude that while the trial judge correctly *799 refused to grant a mistrial on the unfortunate comment made by the assistant district attorney on voir dire, reversible error was committed when the assistant district attorney in his closing argument commented that "the respectable citizens of DeSoto County don't know what Alonzo Bridgeforth, Jr., does and he (Bridgeforth) doesn't tell the good folks what he does." This assignment of error is meritorous and on it we reverse.

II.

DID THE TRIAL COURT ERR IN OVERRULING BRIDGEFORTH'S OBJECTIONS TO HEARSAY TESTIMONY?
During the trial, two specific instances occurred in which Bridgeforth contends the prosecution introduced blatant and highly prejudicial hearsay testimony.
During the direct examination of Detective S.N. Harvey of Memphis, the following took place:
Q. In the course of your investigation, did you ascertain names of three individuals who committed the armed robbery in Mississippi?
A. Yes, sir.
Q. What was those names?
A. Alonzo Bridgeforth ...
COUNSEL FOR DEFENDANT (Mr. Jones): Excuse me, sir. If the Court, please, we object to obvious hearsay. What this man said ought to be stricken. It's obviously hearsay.
ASSISTANT DISTRICT ATTORNEY (Mr. Kelly): I think, if Mr. Jones wants to pursue that, he can ask the witness where he got the information.
COUNSEL FOR DEFENDANT (Mr. Jones): Your Honor, I think the burden is on the State to give competent evidence, and we stand on our objection of hearsay.
ASSISTANT DISTRICT ATTORNEY (Mr. Kelly): May I proceed?
THE COURT: Restate the question for my benefit.
ASSISTANT DISTRICT ATTORNEY (Mr. Kelly): In the course of his investigation, he ascertained the names of three individuals who committed the armed robbery of Crisp Grocery Store in Mississippi.
COUNSEL FOR DEFENDANT (Mr. Jones): To which we object to as being obvious hearsay, Your Honor.
THE COURT: I overrule the objection. I think he's a competent man to answer that.
Q. Did you understand the question, Sgt. Harvey?
A. Yes, sir.
Q. What did you learn?
A. I learned that Alonzo Bridgeforth, Manuel Bridgeforth and Tony Lorenzo Bobo were responsible for the robbery.
The prosecution also offered the testimony of Detective Shettlesworth of Memphis as follows:
Q. Let me repeat it again, Detective Shettlesworth. Now, you've indicated that you interviewed Joe Dean Felix?
A. Yes, sir.
Q. You've indicated that you interviewed Tony Lorenzo Bobo?
A. Yes, sir.
Q. You've indicated that you recovered a gun and interviewed Thurman Johnson?
A. Yes, sir.
Q. You've  you've indicated that you photographed this vehicle at 200 Dudley Street?
A. Yes, sir.
Q. Now, the field investigative work that you did  that you related to the Jury, did that corroborate the information and statements given by Felix and Bobo or not?
COUNSEL FOR DEFENDANT (Mr. Jones): I don't mean to interrupt, but just for the record, let me object to that on hearsay.
THE COURT: The objection's overruled.
Q. Go ahead.
A. Yes, sir, it did.
*800 Hearsay evidence is inadmissible. Citizens Bank of Coldwater v. Callicott, 178 Miss. 747, 174 So. 78 (1937). A witness cannot testify to what he knows only by the statements of others. Melius v. Houston, 41 Miss. 59 (1866).
McCormick, Evidence, 2d Ed.Sec. 246 (1972), offers the following definition of hearsay:
Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out of court assertion.
McCormick, Evidence, at 584.
We have on several occasions accepted this definition of hearsay. Tolbert v. State, 407 So.2d 815 (Miss. 1981); and Lee v. State, 338 So.2d 395 (Miss. 1976).
Therefore the question is whether the statements given by the two Memphis Police Detectives were offered to prove the truth of the matter asserted therein.
We have repeatedly condemned the use of hearsay testimony by officers obtained by way of investigation. Agee v. State, 185 So.2d 671 (Miss. 1966).
In Robertson v. State, 185 So.2d 667 (Miss. 1966), a conviction of attempted arson was reversed and remanded because of evidentiary problems, one of which was erroneously admitted hearsay testimony. There we said:
Primarily, hearsay testimony obtained by an officer in conducting an investigation is inadmissible. In Shipp v. State, 215 Miss. 541, 551, 61 So.2d 329, 332 (1952), we pointed out:
Certain evidence of the officers wherein they testified to the results of their investigations and as to what other people told them and pointed out to them in the course of their investigations was objected to, but the objections were overruled. This evidence was hearsay and inadmissible.

Also, in Bester v. State, 212 Miss. 641, 645, 55 So.2d 379, 380 (1951), we stated:
Appellant, on this appeal, presents two assignments of error. He contends, first, that the court erred in permitting the sheriff to testify over appellant's objections that his investigation based on information derived from talking to the people showed that the deceased did not have a crowbar at the time of the difficulty or at any time. This testimony of the sheriff was, of course, based on hearsay and was clearly incompetent.

Appellant's objection to Sheriff Ainsworth's testimony regarding the mysterious car without lights which he had learned about from discussions with witnesses, Clark and Sullivan, should have been sustained. (Emphasis added.)
Roberson at 668.
In Ratcliff v. State, 308 So.2d 225 (Miss. 1975), this Court held that testimony by officers of what an informant told them in the course of their investigation was hearsay and inadmissible to the jury. "Investigators cannot be permitted to relate to the jury hearsay which is incriminating in its effect as to a defendant on trial for a crime." 308 So.2d at 227. Also in McVeay v. State, 355 So.2d 1389 (Miss. 1978), this Court held that testimony of an undercover narcotics agent as to what he was told by the defendant's companion was hearsay, incompetent, highly prejudicial, and should have been excluded.
It is apparent from the lack of direct evidence in this case, except through the testimony of accomplice Felix, that the State introduced the two statements of the Tennessee detectives not for the purpose of showing the information upon which those detectives acted but in an effort to prove the truth of the matter asserted in the statements and to bolster its case.
For this reason the trial judge committed reversible error when he allowed the hearsay testimony of the two detectives to be heard by the jury.
Because the case must be remanded for a new trial we suggest that Instruction S-4A not be granted in its present form. *801 The complained of language in Instruction S-4A is as follows:
Instruction S-4A.
... If you find from the evidence in this case beyond a reasonable doubt that a .22 calibre pistol was the personal property of C.C. Crisp and the accomplices of the defendant, Tony Lorenzo Bobo, and Manuel Bridgeforth feloniously took a .22 calibre pistol ...
The problem with this instruction is that directs and overly emphasizes to the jury that Tony Bobo and Manuel Bridgeforth were accomplices of the defendant, Alonzo Bridgeforth. This is tantamount to telling the jury that Alonzo was present and participated in the robbery. This assumes as true a material fact and such finding of fact is for the jury alone. Van v. State, 477 So.2d 1350 (Miss. 1985); McBride v. State, 366 So.2d 666 (Miss. 1979); Fields v. State, 272 So.2d 650 (Miss. 1973); Eubanks v. State, 85 So.2d 805 (Miss. 1956).
In his closing argument the prosecutor made the following statement:
I anticipate that, during the course of my remarks, I may become loud. I may hit this podium. If I do, I apologize in advance. If I thought I could stand on my head and that would convince you to get this scum off the street, I'd do it.
Defense counsel objected and the court sustained the objection. Defense counsel moved for a mistrial which was overruled. Defense counsel did not ask that the jury be cautioned to disregard the argument and the trial judge did not take it upon himself to so caution the jury.
There is no justification for such an argument to the jury. While an attorney has a right to argue his case a prosecutor should not indulge in personal abuse or vilification of the defendant. We have condemned closing arguments by a prosecutor which referred to the defendant as a "professional criminal" where there was no proof in the record to that effect. Ellis v. State, 254 So.2d 902 (Miss. 1971).
The interest of the State of Mississippi is best served by the orderly rational lawful presentation of the facts and the law. That is the way the criminal justice system is designed to operate. Justice is not served by attorneys who use closing argument to express inflammatory personal ideas or engage in personal vilification. The purpose of closing argument is to enlighten the jury, not to enrage it. Where counsel lacks the self-discipline necessary to avoid arguments such as these, that discipline should be imposed by the trial judge from the bench. An otherwise orderly and fair trial can be instantly destroyed by such unprepared intemperate argument. The price that all of us must pay for these untimely flights of oratorical fancy is far too high.
The remaining errors assigned by Bridgeforth have been examined and found to be without merit.
For the reasons set forth above the conviction of Alonzo Bridgeforth of the crime of armed robbery and his sentence of life imprisonment in the custody of the Department of Corrections is reversed and the case is remanded to the Circuit Court of DeSoto County.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., DAN M. LEE, PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.