DAN M. LEE, Presiding Justice,
for the Court:
James Folse was convicted of burglary of a dwelling in the Circuit Court of Marion County and sentenced to serve ten years in the custody of the Mississippi Department of Corrections. Because of improper statements made by the prosecutor in closing argument, we reverse.
Ralph Williamson is retired from Otis Engineering Corporation in Houston, Tex *1225 as. He and his wife own homes both in Houston and in Marion County, Mississippi. Although Texas is their principal place of residence, they have owned the Mississippi land since 1945 and built a home there in the early 1970’s. The house is fully furnished, and the couple spends approximately five weeks per year there, plus some long weekends. They call it their “home away from home.”
On or about June 16,1985, the house was broken into and a variety of items taken, including tools, bed linens, and clothing. Investigation of the matter led the sheriff to the trailer residence of the defendant, James Folse. A large number of the items removed from the Williamson house were found in his trailer.
Defendant first complains that a second home such as the Williamson’s Marion County home is not a “dwelling house” as contemplated by Miss.Code Ann. § 97-17-19, (1972).
This question was definitively settled by this Court in Gillum v. State, 468 So.2d 856 (Miss.1985). This assignment of error is without merit.
The second assignment of error complains of comments by the prosecutor during closing argument on the failure of the defendant to testify in his own behalf. The objectionable remarks include the following:
And the third thing, I believe the State has proven to you beyond a reasonable doubt and beyond a shadow of a doubt and beyond any doubt that this man is sitting on a pile of goods and he is sitting there acting like he didn’t know one thing that happened. Sometimes it’s not what you say, it’s what you don’t say. Sometimes it’s not what you say, it’s what you do. My granddaddy always had a saying. He says, “I know some things by my nose and my two big toes,” and that’s what he meant by common sense. What does your common sense tell you?
[[Image here]]
He [defense counsel] also said you need to pay close attention to the fact of whether or not this man did it. There was another thing he said, that you need to pay close attention to the fact as to who had exclusive possession of this stuff. Did this man have exclusive possession? Who else was there? Now, here this stuff is, this man has admitted or you’ve got testimony in the case that he is in control of the premises, he is there, is living on the premises; and these items are stuffed up under everything in the house, here and there and everywhere. They’re not being used, they’re being hidden. And there is a very different thing about this. If these items were being used by this man, I think that he could probably stand up before you personally, or the facts in the case could stand up before you and say he didn’t know anything about it.
The defendant unsuccessfully objected and moved for a mistrial.
Section 13-1-9, Miss.Code of 1972, prohibits such comments on the failure of a defendant to testify. We have frequently held that such comments are reversible error. Monroe v. State, 515 So.2d 860 (Miss. 1987); Bridgeforth v. State, 498 So.2d 796 (Miss.1986); West v. State, 485 So.2d 681 (Miss.1986).
For this reason we reverse the conviction of James Folse and remand this case to the Circuit Court of Marion County for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.