McRAE, Justice,
dissenting:
¶ 139. The prosecutor in this case imper-missibly made statements reflecting on the defendant’s constitutional right to remain silent. So long as those statements could reasonably have been construed by the jury as a comment on the defendant’s failure to testify, it matters not what the prosecutor may have intended his statements to mean. Because of this error and the fact that the court erred in not suppressing the minor defendant’s confession, I dissent.
I.
¶ 140. Both the Fifth Amendment to the United States Constitution and Art. 3, § 26 of the Mississippi Constitution provide that the accused may not be compelled to give evidence against himself. The right to refrain from testifying against himself avails the defendant nothing, however, if his failure to testify can be used against him. This is why we have long prohibited the prosecutor from commenting, either directly or indirectly, on the defendant’s choice not to take the witness stand. See, e.g., Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Griffin v. State, 557 So.2d 542, 552 (Miss.1990); Jimpson v. State, 532 So.2d 985, 991 (Miss.1988); Livingston v. State, 525 So.2d 1300, 1305-08 (Miss.1988); Bridgeforth v. State, 498 So.2d 796, 798 (Miss.1986); Wilson v. State, 433 So.2d 1142, 1146 (Miss.1983); Yarbrough v. State, 70 Miss. 593, 12 So. 551 (1893).
¶ 141. If a prosecutor’s statement can reasonably be construed by jury as a comment on accused’s failure to testify, it is immaterial that the prosecutor may have intended to refer to a situation other than the trial-in-chief. Davis v. State, 406 So.2d 795, 801 (Miss.1981); Reddick v. State, 72 Miss. 1008, 16 So. 490 (1895).
¶ 142. In this case, the prosecution told the jury as follows:
You want to know why we have fingerprints, DNA, bloodstains, pattern interpretation, blood analysis from serolo-gists? Why? Steven McGillberry pled not guilty. And he doesn’t have to do a thing. He sits there. We have to prove the case.
¶ 143. In any trial where the defendant exercises his constitutional right not to testify, a prosecutor who directs the jury to look at the defendant just sitting there, not having to do a thing, is attempting to draw the jury’s attention to the fact that the defendant did not take the stand. There is just no other reasonable explanation for a prosecutor’s reference to the fact that the defendant “sits there.”
¶ 144. In Reed v. State, 197 So.2d 811, 814 (Miss.1967), the district attorney asked the jury to “[ljook at the defendant. I have observed him for the past two days and he sat and showed no emotion whatever during the trial of this cause.” This Court reversed the conviction holding that such argument was an impermissible comment on the defendant’s failure to testify.
¶ 145. The Supreme Court of South Carolina reversed where a similar argument was made in State v. Cockerham, 294 S.C. 380, 365 S.E.2d 22 (1988). The prosecutor in that ease asked the jury “imagine what kind of mood that young man was in the night the victim was killed, as he sits here today as quiet as can be.” The prosecutor’s argument, the Court held, “was an indirect but unmistakable reference to appellant’s silence at trial.”
*927 ¶ 146. This Court has repeatedly admonished prosecutors to abstain from commenting on the defendant’s exercise of his constitutional rights. In Wilson v. State, 433 So.2d 1142 (Miss.1983), we warned:
District attorneys must not directly, or by innuendo and insinuation, comment on a defendant’s not testifying. Any person competent to be a prosecuting attorney knows that elementary principle of law. If a prosecuting attorney, who is presumed to know better, persists in making erroneous and prejudicial remarks in his argument before the jury, then the trial court should deal harshly with him to the extent of sanctions, reprimands and contempt. This Court will not look for some reason to excuse such action of a prosecuting attorney, even though a new trial would be expensive to the people of the county. Such expenses, fault, and blame should be placed at the door of the person who is responsible for it.
Wilson, 433 So.2d at 1146. See also Bridgeforth v. State, 498 So.2d 796 (Miss.1986).
¶ 147. The majority’s opinion in this case does just what we said we would not do in Wilson, i.e. excuse the improper comment of the prosecutor. The majority characterizes the prosecutor’s comment as an explanation “that it was the State who bore the burden of proof and that it was not incumbent upon the defense to prove anything to the jury.” I, however, fail to see how a prosecutor’s advising the jury to look at the defendant just sitting there doing nothing could be construed as anything but a comment on the defendant’s failure to take the witness stand.
II.
¶ 148. I also dissent with respect to the denial of McGillberry’s motion to suppress his confession. McGillberry was sixteen years old at the time of the crime. I have previously opined that I do not believe that it is appropriate for the justice system to treat minors as children on every occasion except where they have the most to lose, i.e. in criminal matters where the child’s very freedom is at stake. Clemons v. State, 733 So.2d 266 (Miss.1999).
¶ 149. We continue to cling to the notion that a minor does not possess the sophistication to make informed decisions in civil matters but is intelligent enough to do so in all matters criminal. I find this to be ironic given that in this country we profess to believe that a person’s freedom should have greater protections than his pocketbook. Our laws would zealously shelter the child who wishes to purchase, perhaps unwisely, an automobile, but provide him none of the protections typically given youths when the same child is accused of murder.
¶ 150. Persons fourteen and under cannot consent to sexual intercourse [Miss. Code Ann. § 97-3-65(l)(b) (1998) ][14]; if they are under eighteen, they cannot legally enter into contracts, buy or sell property, vote, maintain a residence or even choose the parent with whom they wish to live when their parents divorce. Under the age of twenty-one, a person cannot drink alcohol, purchase tobacco, or enter a casino.
¶ 151. Indeed, many jurisdictions consider anyone under the age of fourteen to be of “tender years”[15] and thus, deserving of special protection from the legal system. For instance, a child of tender years is entitled to invoke the attractive nuisance *928 doctrine to recover from a landowner who permits the existence of a dangerous condition on his property of the sort likely to attract children. Hughes v. Star Homes, Inc., 379 So.2d 301, 304 (Miss.1980). Because of their immaturity, children may not testify without the trial court having first satisfied itself that the child is capable of testifying. In Veasley v. State, 735 So.2d 432 (Miss.1999), we held that there is a rebuttable presumption that a child under the age of twelve is of tender years and that for children twelve and over, the trial court must make an on-the-record determination of whether they are of tender years for the purpose of admitting testimony under the hearsay exception of M.R.E. 803(25). See also Brent v. State, 632 So.2d 936, 942 (Miss.1994) (“[bjefore allowing a child witness to testify, the trial judge should determine ‘that the child has ability to perceive and remember events, to understand and answer questions intelligently and to comprehend and accept the importance of truthfulness’ ”).
¶ 152. The legislature has defined a “minor” as well as an “infant” as anyone under the age of twenty-one. Miss.Code Ann. § 1-3-27 (defining minor); § 1-3-21 (defining infant). A child or youth has been defined by the legislature as anyone under the age of eighteen. Miss.Code Ann. § 43-16-3(a); § 43-17-3(c); § 43-21 — 105(d); § 43-23-3(c).
¶ 153. Therefore, I maintain, as I did in my dissent in Clemons v. State, 733 So.2d 266 (Miss.1999), that this Court is in error when it fails to extend the special protections given minors to the criminal arena.
¶ 154. Accordingly, for the same reasons I expressed in Clemons, I respectfully dissent.
BANKS, J., JOINS THIS OPINION AS TO PART I.

APPENDIX

DEATH CASES AFFIRMED BY THIS COURT

Crawford v. State, 716 So.2d 1028 (Miss.1998).
Doss v. State, 709 So.2d 369 (Miss.1996).
Underwood v. State, 708 So.2d 18 (Miss.1998).
Holland v. State, 705 So.2d 307 (Miss.1997).
Wells v. State, 698 So.2d 497 (Miss.1997).
Wilcher v. State, 697 So.2d 1123 (Miss.1997).
Wilcher v. State, 697 So.2d 1087 (Miss.1997).
Wiley v. State, 691 So.2d 959 (Miss.1997).
Brown v. State, 690 So.2d 276 (Miss.1996).
Simon v. State, 688 So.2d 791 (Miss.1997).
Jackson v. State, 684 So.2d 1213 (Miss.1996).
Williams v. State, 684 So.2d 1179 (Miss.1996).
Davis v. State, 684 So.2d 643 (Miss.1996).
Taylor v. State, 682 So.2d 359 (Miss.1996).
Brown v. State, 682 So.2d 340 (Miss.1996).
Blue v. State, 674 So.2d 1184 (Miss.1996).
Holly v. State, 671 So.2d 32 (Miss.1996).
Walker v. State, 671 So.2d 581(Miss.1995).
Russell v. State, 670 So.2d 816 (Miss.1995).
Ballenger v. State, 667 So.2d 1242 (Miss.1995).
Davis v. State, 660 So.2d 1228 (Miss.1995).
Carr v. State, 655 So.2d 824 (Miss.1995).
Mack v. State, 650 So.2d 1289 (Miss.1994).
Chase v. State, 645 So.2d 829 (Miss.1994).
*929 Foster v. State, 639 So.2d 1263 (Miss.1994).
Conner v. State, 632 So.2d 1239 (Miss.1993).
Hansen v. State, 592 So.2d 114 (Miss.1991).
*Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State, 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing. Davis v. State, 551 So.2d 165 (Miss.1989).
Minnick v. State, 551 So.2d 77 (Miss.1989).
*Pinkney v. State, 538 So.2d 329 (Miss.1989), Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
*Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing. Woodward v. State, 533 So.2d 418 (Miss.1988).
Nixon v. State, 533 So.2d 1078 (Miss. 1987).
Cole v. State, 525 So.2d 365 (Miss.1987).
Lockett v. State, 517 So.2d 1346 (Miss.1987).
Lockett v. State, 517 So.2d 1317 (Miss.1987).
Faraga v. State, 514 So.2d 295 (Miss.1987).
*Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Wiley v. State, 484 So.2d 339 (Miss.1986).
Johnson v. State, 471 So.2d 196 (Miss.1985).
Gray v. State, 472 So.2d 409 (Miss.1985).
Cabello v. State, 471 So.2d 332 (Miss.1985).
Jordan v. State, 464 So.2d 475 (Miss.1985).
Wilcher v. State, 455 So.2d 727 (Miss.1984).
Billiot v. State, 454 So.2d 445 (Miss.1984).
Stringer v. State, 454 So.2d 468 (Miss.1984).
Dufour v. State, 453 So.2d 337 (Miss.1984).
Neal v. State, 451 So.2d 743 (Miss.1984).
Booker v. State, 449 So.2d 209 (Miss.1984).
Wilcher v. State, 448 So.2d 927 (Miss.1984).
Caldwell v. State, 443 So.2d 806 (Miss.1983).
Irving v. State, 441 So.2d 846 (Miss.1983).
Tokman v. State, 435 So.2d 664 (Miss.1983).
Leatherwood v. State, 435 So.2d 645 (Miss.1983).
Hill v. State, 432 So.2d 427 (Miss.1983).
Pruett v. State, 431 So.2d 1101 (Miss.1983).
Gilliard v. State, 428 So.2d 576 (Miss.1983).
Evans v. State, 422 So.2d 737 (Miss.1982).
King v. State, 421 So.2d 1009 (Miss.1982).
Wheat v. State, 420 So.2d 229 (Miss.1982).
Smith v. State, 419 So.2d 563 (Miss.1982).
Johnson v. State, 416 So.2d 383 (Miss.1982).
*930 Edwards v. State, 413 So.2d 1007 (Miss.1982).
Bullock v. State, 391 So.2d 601 (Miss.1980).
Reddix v. State, 381 So.2d 999 (Miss.1980).
Jones v. State, 381 So.2d 983 (Miss.1980).
Culberson v. State, 379 So.2d 499 (Miss.1979).
Gray v. State, 375 So.2d 994 (Miss.1979).
Jordan v. State, 365 So.2d 1198 (Miss.1978).
Voyles v. State, 362 So.2d 1236 (Miss.1978).
Irving v. State, 361 So.2d 1360 (Miss.1978).
Washington v. State, 361 So.2d 61 (Miss.1978).
Bell v. State, 360 So.2d 1206 (Miss.1978).

DEATH CASES REVERSED AS TO GUILT PHASE AND SENTENCE PHASE

Kolberg v. State, 704 So.2d 1307 (Miss.1997).
Snelson v. State, 704 So.2d 452 (Miss.1997).
Fusilier[Fuselier] v. State, 702 So.2d 388 (Miss.1997).
Howard v. State, 701 So.2d 274 (Miss.1997).
Lester v. State, 692 So.2d 755 (Miss.1997).
Hunter v. State, 684 So.2d 625 (Miss.1996).
Lanier v. State, 684 So.2d 93 (Miss.1996).
Giles v. State, 650 So.2d 846 (Miss.1995).
Duplantis v. State, 644 So.2d 1235 (Miss.1994).
Harrison v. State, 635 So.2d 894 (Miss.1994).
Butler v. State, 608 So.2d 314 (Miss.1992).
Jenkins v. State, 607 So.2d 1171 (Miss.1992).
Abram v. State, 606 So.2d 1015 (Miss.1992).
Balfour v. State, 598 So.2d 731 (Miss.1992).
Griffin v. State, 557 So.2d 542 (Miss.1990).
Bevill v. State, 556 So.2d 699 (Miss.1990).
West v. State, 553 So.2d 8 (Miss.1989).
Leatherwood v. State, 548 So.2d 389 (Miss.1989).
Mease v. State, 539 So.2d 1324 (Miss.1989).
Houston v. State, 531 So.2d 598 (Miss.1988).
West v. State, 519 So.2d 418 (Miss.1988).
Davis v. State, 512 So.2d 1291 (Miss.1987).
Williamson v. State, 512 So.2d 868 (Miss.1987).
Foster v. State, 508 So.2d 1111 (Miss.1987).
Smith v. State, 499 So.2d 750 (Miss.1986).
West v. State, 485 So.2d 681 (Miss.1985).
Fisher v. State, 481 So.2d 203 (Miss. 985).
Johnson v. State, 476 So.2d 1195 (Miss.1985).
Fuselier v. State, 468 So.2d 45 (Miss.1985).
West v. State, 463 So.2d 1048 (Miss.1985).
Jones v. State, 461 So.2d 686 (Miss.1984).
Moffett v. State, 456 So.2d 714 (Miss.1984).
Lanier v. State, 450 So.2d 69 (Miss.1984).
Laney v. State, 421 So.2d 1216 (Miss.1982).

*931
DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR RESENTENCING TO LIFE IMPRISONMENT

Reddix v. State, 547 So.2d 792 (Miss.1989).
Wheeler v. State, 536 So.2d 1341 (Miss.1988).
White v. State, 532 So.2d 1207 (Miss.1988).
Bullock v. State, 525 So.2d 764 (Miss.1987).
Edwards v. State, 441 So.2d 84 (Miss.1983).
Dycus v. State, 440 So.2d 246 (Miss.1983).
Coleman v. State, 378 So.2d 640 (Miss.1979).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR A NEW TRIAL ON SENTENCING PHASE ONLY

Berry v. State, 703 So.2d 269 (Miss.1997).
Booker v. State, 699 So.2d 132 (Miss.1997).
Taylor v. State, 672 So.2d 1246 (Miss.1996).
*Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
* Pinkney v. State, 538 So.2d 329 (Miss.1989), Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding, Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
*Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
*Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Russell v. State, 607 So.2d 1107 (Miss.1992).
Holland v. State, 587 So.2d 848 (Miss.1991).
Willie v. State, 585 So.2d 660 (Miss.1991).
Ladner v. State, 584 So.2d 743 (Miss.1991).
Mackbee v. State, 575 So.2d 16 (Miss.1990).
Berry v. State, 575 So.2d 1 (Miss.1990).
Turner v. State, 573 So.2d 657 (Miss.1990).
State v. Tokman, 564 So.2d 1339 (Miss.1990).
Johnson v. State, 547 So.2d 59 (Miss.1989).
Williams v. State, 544 So.2d 782 (Miss.1989[1987]); sentence affd. 684 So.2d 1179 (Miss.1996)
Lanier v. State, 533 So.2d 473 (Miss.1988).
Stringer v. State, 500 So.2d 928 (Miss.1986).
Pinkton v. State, 481 So.2d 306 (Miss.1985).
Mhoon v. State, 464 So.2d 77 (Miss.1985).
Cannaday v. State, 455 So.2d 713 (Miss.1984).
Wiley v. State, 449 So.2d 756 (Miss.1984); resentencing affirmed, Wiley v. State, 484 So.2d 339 (Miss.1986), cert. denied Wiley v. Mississippi, 479 U.S. 906, 107 S.Ct. 304, 93 L.Ed.2d 278 (1986); resentencing ordered, Wiley v. State, 635 So.2d 802 (Miss.1993) following writ of habeas corpus issued pursuant to Wiley v. Puckett, 969 So.2d[F.2d] 86, 105-106 (5th Cir.1992); resentencing affirmed, Wiley v. State, 95-DP-00149, February 13, 1997 (rehearing pending).
*932 Williams v. State, 445 So.2d 798 (Miss.1984).

. Indeed, mistake as to the victim's age is no defense to statutory rape. Collins v. State, 691 So.2d 918 (Miss.1997). “The age of the victim makes or breaks the conviction.” Washington v. State, 645 So.2d 915, 919 (Miss.1994).

. See Comment to Miss.R.Evid. 803(25). The Comment advises that children over fourteen may be considered to be of tender years where they have a mental age of less than fourteen. See, e.g., Hashtani v. Duke Power Co., 578 F.2d 542 (4th Cir.1978) (14 year old who had flunked first grade was of tender years and entitled to invoke attractive nuisance doctrine).

Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

 Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.