965 So.2d 721 (2007)
Eugene HART a/k/a Earl Hart, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-KA-00927-COA.
Court of Appeals of Mississippi.
June 12, 2007.
Rehearing Denied September 25, 2007.
*722 Dan W. Duggan, Brandon, attorney for appellant.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before LEE, P.J., BARNES, ISHEE and CARLTON, JJ.
ISHEE, J., for the Court.
¶ 1. Eugene Hart was convicted of the burglary of a dwelling by the Rankin County Circuit Court and sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections. Aggrieved, Hart appeals and asserts that his Fifth Amendment constitutional right not to be compelled to testify against himself was infringed upon by a comment made by the assistant district attorney during closing arguments. Finding no error, we affirm.

FACTS
¶ 2. Upon returning home, James Courtney and J.J. Short noticed a suspicious car and realized Short's house was in the process of being burglarized. They saw Eric Simon come out of the house and attempt to flee, but Short caught him and restrained him until the police arrived. Courtney testified that he saw and heard another man in the house, but he could not identify who it was. When the police arrived, Simon told them that the other man was Eugene Hart.
¶ 3. Police tracked the other suspect who had escaped through a back window of the house for approximately forty-five minutes, but they did not apprehend him. Nearby, they found a discarded bicycle and a shirt, with blood and perspiration on it, lying on a barbed wire fence that had been torn down. Hart later surrendered to the Hinds County Sheriff. When Officer Greg Eklund, of the Rankin County Sheriff's Department, picked up Hart from Hinds County, Hart asked him why they were chasing him so hard on just a burglary.
*723 ¶ 4. Simon pled guilty to the burglary charge and received a seven-year sentence with four years suspended. He also testified at trial and implicated Hart as the second burglar. The prosecution could not connect Hart to the fingerprints in the house nor the boot print on the front door, but an expert testified that the blood from the shirt was from Hart. During closing arguments, the defense objected to what it perceived to be the State's improper comment on Hart's failure to testify. The judge clarified that the State was referring to Simon's testimony and overruled the objection. The jury returned a verdict of guilty of burglary of a dwelling house and sentenced Hart to twenty-five years in the custody of the Mississippi Department of Corrections. Hart appeals and asserts the following issue: whether the district attorney, during closing argument, infringed upon Hart's Fifth Amendment constitutional right not to be compelled to testify against himself by allegedly commenting on Hart's failure to take the stand at trial.

STANDARD OF REVIEW
¶ 5. This Court gives discretion to the trial court when reviewing the propriety of statements made during closing arguments. Stevens v. State, 806 So.2d 1031, 1057(¶ 20) (Miss.2001) (citing Roundtree v. State, 568 So.2d 1173, 1178 (Miss.1990)). "The trial court is in the best position to determine if an alleged improper comment has a prejudicial effect." Id.

ISSUES AND ANALYSIS
¶ 6. The only issue Hart asserts on appeal is the alleged improper comment by the prosecutor. Hart specifically refers to one instance in the State's closing argument:
[The State] He was a first time offender. He admitted his guilt, he took his punishment, okay? Now truthfully, if Eugene Hart was not involved, he could have come in here yesterday and told you that. There would have been nothing else we could have done about it
[Defense Counsel] Judge, that's improper.
[The Court] He's talking about what Simon would testify to; isn't that right Mr. Emfinger?
[The State] I'm saying that if he had come in here and said somebody else done it, there would have been no other proof we would have had.
[The Court] You're talking about Simon's testimony?
[The State] That's right.
[The Court] Overruled.
¶ 7. Generally, an attorney is given wide latitude to make a closing argument. Johnson v. State, 477 So.2d 196, 209 (Miss. 1985). This is an important part of our adversarial system, and courts must be careful in limiting arguments to the jury. Id. However, this rule must be balanced against the Fifth Amendment right of a criminal defendant not to be compelled to testify against himself. As the Supreme Court stated, no person shall be compelled to testify against himself in a criminal trial. Griffin v. California, 380 U.S. 609, 619, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). This integral right has been incorporated into the Mississippi Constitution by Article 3, Section 26. It is a violation of "an elementary and long established principle of law" for a prosecutor to comment on a defendant's failure to take the stand at trial. Livingston v. State, 525 So.2d 1300, 1306 (Miss.1988) (quoting Brown v. State, 340 So.2d 718, 722 (Miss.1976)). With such a fundamental right, even the failure to timely object to the prosecution's comment at trial will not waive the right on appeal. Whigham v. State, 611 So.2d 988, 995 (Miss.1992); Brooks v. State, 209 Miss. 150, 155, 46 So.2d 94, 97 (1950).
*724 ¶ 8. Insinuation and innuendo are prohibited as well as direct comments. Wilson v. State, 433 So.2d 1142, 1146 (Miss.1983). A prosecutor may violate a defendant's right not to be compelled to testify against himself not only by making a direct statement but also by a comment that a jury may reasonably construe to be a comment on the defendant's failure to testify. Jimpson v. State, 532 So.2d 985, 991 (Miss.1988); Livingston, 525 So.2d at 1305-08; Monroe v. State, 515 So.2d 860, 865 (Miss.1987).
¶ 9. Nevertheless, each case which suggests an improper comment on the defendant's failure to testify must be reviewed on its own facts. Peterson v. State, 357 So.2d 113, 117 (Miss.1978). The court in Jimpson, after noting that a direct comment was not necessary to violate the defendant's right, found that there was a difference in commenting on the defendant's failure to testify and the failure to put on a successful defense. Jimpson, 532 So.2d at 991. The court then went on to find that references that were not entirely clear were not necessarily improper or impermissible. Id. (citing Jones v. State, 517 So.2d 1295, 1302 (Miss.1987)).
¶ 10. If we look only to the portion of the transcript cited by Hart, the comment by the prosecutor could seem improper. Upon reviewing the statement in the context of the argument that preceded and followed it, however, it is clear the prosecutor was not referring to the defendant's failure to testify. Instead he was arguing for the credibility of his own witness, Simon. Preceding the alleged improper comment is the following argument:
Now I agree, you've been instructed that the testimony of a codefendant is supposed to be viewed with great caution. You're supposed to look at it very carefully, and that's how I want you to look at it. Eric Simon, though, came in here and pled guilty. But from the moment he was captured until even through yesterday, he indicated that Eugene Hart was the man that was with him. Now, he pled guilty. He got ten years, seven years suspended, three years to serve. He has done his time. He has got one felony conviction, as he said here before. All right, but they want you to believe that Eric got some type of super sweetheart deal. You don't know that. He was a first-time offender. You don't know what the usual plea bargain is, or recommendation is, for first-time offenders. You don't know. You don't know if he got some super sweetheart deal. He was a first-time offender. He admitted his guilt, he took his punishment, okay?
¶ 11. In response to the objection, the judge pointed out that the prosecutor's comment was referring to testimony by Simon, and the prosecutor agreed that he was indeed referring to Simon. Afterwards, the prosecutor continued to argue for the credibility of his witness by noting that the jury had more than just Simon's testimony on which to rely. He argued that, not only was Simon's testimony consistent with what he told the police when he was apprehended, but also that the State presented evidence to corroborate his testimony.
¶ 12. This was not a direct comment on Hart's failure to testify, nor was it insinuation or innuendo referring to the fact that Hart did not testify. The alleged improper comment was right in the middle of a long argument by the prosecutor that his witness was credible. Commenting on a defendant's failure to take the stand is entirely different from arguing that your own witness's testimony has been consistent since he was apprehended.
¶ 13. In conclusion, we do not find the comment to be an improper comment on *725 the defendant's failure to testify. The comment in question was objected to at trial. The judge, in listening to the State's closing argument realized the comment was in reference to Simon's testimony and not the failure to testify by Hart. While the propriety of the comment, divorced from the context in which it was uttered, could be questioned, when read with the argument surrounding it, it is clear that it was not improper. The judge was in the best position to determine the propriety of the comment, and it was in his discretion to allow it.
¶ 14. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A DWELLING HOUSE AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.